612 P.2d 238

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John DOE, a child, Defendant-Appellant.**

**No. 4379.**

Court of Appeals of New Mexico.

May 20, 1980.

Juliana Bratun Scott, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

### OPINION

HENDLEY, Judge.

The child appeals a children's court order transferring him to the district court for prosecution as an adult. The main issues involved are the timeliness of the filing of the motion to transfer and of the hearing on the motion to transfer. We reverse with regard to the untimeliness of the hearing on the motion to transfer.

The relevant dates and the events occurring on those dates are presented in chronological order.

*On June 11, 1979,* a petition was filed alleging that the child committed the delinquent act of criminal sexual contact of a minor in violation of § 30–9–13, N.M.S.A. 1978, and robbery in violation of § 30–16–2, N.M.S.A. 1978. On the date both of the filing of the petition and the date the acts were alleged to have occurred, the child was 17 years old. An amended petition was filed June 26, 1979, adding an additional charge, Count III, assault with intent to commit a violent felony in violation of § 30–3–3, N.M.S.A. 1978; to-wit, criminal sexual penetration.

*On June 15, 1979,* a detention order was filed denying the child's release and ordering him held at the Artesia Juvenile Detention Facility pending final disposition.

*On June 26, 1979,* the amended petition noted above was filed in open court as was a motion to transfer to district court by the State. There was a great deal of discussion at the hearing as to the applicable time limits. The child waived the five day notice of hearing requirement but refused to waive any other time limit. The court granted the State a continuance of the transfer hearing in hopes that another judge could be found to hear the transfer issue. No date was set for the transfer hearing at that point. [The trial court noted its backlog as one reason for the continuance.] Also, on this date, the child moved for release, which request was denied.

*On July 2, 1979,* the trial court ordered that the child be examined by the Forensic Evaluation Team to consider competency, insanity and amenability to treatment.

*On July 25, 1979,* the child again moved for a release hearing. The release hearing was originally set for July 30, 1979, but was postponed and reset for August 14, 1979. That hearing was also postponed and was reset for August 28, 1979. The August 28th hearing was subsequently changed to August 31, 1979.

*On August 31, 1979,* the child's motion for a release was denied.

*On September 28, 1979,* the motion to transfer was heard. After hearing testimony and argument of counsel (including defense counsel's objections based upon timeliness), the court ordered the child transferred for prosecution in district court as an adult.

At the hearing on the motion to transfer, the forensic evaluator and the child's juvenile probation officer testified. Both were of the opinion that the child's problems could properly be treated at the Boys' School in Springer. However, they both felt that a one year commitment would be insufficient and that the necessary rehabilitation would probably take up to four years. *See* § 32–1–29(A)(4), N.M.S.A. 1978.

The court stated that given the child's problems, a commitment to the penitentiary would be detrimental. However, the court was also concerned that it be able to commit the child to Springer for a sufficient term to allow for the necessary rehabilitation. The court found that a commitment of necessary length would not be available under the Children's Code. *But see* § 32–1–38, N.M.S.A. 1978; *In re Doe,* 85 N.M. 691, 516 P.2d 201 (Ct.App.1973).

The court ordered the child transferred to district court for prosecution with the understanding that, if he were the committing judge, he would order the child sentenced to Springer (*See* § 32–1–30(B), N.M.

S.A. 1978); if another judge heard the child's case, he would testify at sentencing to the effect that the child should be committed to Springer.

Although we find it unnecessary in this case to resolve the apparent conflict between § 32–1–38, *supra,* and § 32–1–30(B), *supra,* and their relationship to the "availability" requirement of the transfer sections of the Code, we commend the children's court for its careful consideration of the best interests of the child when faced with the two alternatives.

### *Timeliness of Filing of Motion to Transfer*

■ On appeal, the child claims that a motion to transfer is a "preadjudicatory" motion which must be filed within ten days of the latter of the filing of a petition, appointment of counsel or entry of appearance of counsel. *See* Rule 14 of the Rules of Procedure for the Children's Court, N.M. S.A. 1978. However, the child did not object to the timeliness of the *filing* of the transfer motion at any of the proceedings below. Consequently, this issue was not preserved for review on appeal. N.M.R. Crim.App. 308, N.M.S.A. 1978.

### *Timeliness of the Transfer Hearing*

■ The hearing on the State's motion to transfer was held 94 days after the motion was filed and 109 days after the petition was filed. The child was in detention during this entire period.

The parties are in dispute concerning which, if any, time limits apply to a hearing on a motion to transfer. Neither the Rules of Procedure for the Children's Court or the Children's Code set a time limitation for when a transfer hearing must be held. Both do state only that it must be held prior to an adjudicatory hearing on the petition. *See* Rule 43 of the Rules of Procedure for the Children's Court and § 32–1–29, *supra.* However, under both the rule and the statute, the time limitations for an adjudicatory hearing are tolled during the period necessary to consider a transfer motion. *See* Rule 46(a)(6) of the Rules of Procedure for

the Children's Court; § 32–1–28(B)(1), N.M. S.A. 1978; *Matter of Doe,* 89 N.M. 700, 556 P.2d 1176 (Ct.App.1976). Therefore, the continuance of the adjudicatory hearing granted by the trial court on the authority of § 32–1–28(B)(4) and (B)(8) was unnecessary. A literal reading of the rules and statutes relating to transfer hearings in conjunction with the tolling of the adjudicatory time limits must result in the conclusion that, under the statute and rules as written, there is no time limitation within which the children's court must hear and decide a transfer motion.

We conclude that such a literal reading, which finds no constraints on the timeliness of transfer hearings, is at complete odds with the purposes and policies underlying the treatment of juveniles. Rule 2 of the Rules of Procedure for the Children's Court states:

These rules are intended to provide for the just determination of children's court proceedings. *They shall be construed to secure simplicity in procedure, fairness in administration, elimination of unjustifiable expense and delay* and to assure the recognition and enforcement of constitutional and other rights. [Emphasis ours.]

The child has a due process right to rely upon "fairness in administration" and "elimination of unjustifiable expense and delay" which is the stated purpose of the Rules of Procedure for the Children's Court. What is an unjustifiable delay? In most instances, the rules or statutes provide the answer to what is unjustifiable. See the listing of time requirements in *State v. Doe,* 93 N.M. 31, 595 P.2d 1221 (Ct.App. 1979). As we have noted, the rules and statutes are deficient in failing to provide a time limit prior to which a transfer motion must be heard. Accordingly, and consistent with the philosophy of the Rules of Procedure for the Children's Court, we construe into the statute a reasonable time limit. We hold that any delay in holding a transfer hearing beyond the amount of time set in Rule 46 of the Rules of Procedure for the Children's Court for the adjudicatory hearing, would be unreasonable—i.e., when the

child is in detention, the transfer hearing must be held within 30 days from the date the motion to transfer is filed; when the child is not in detention, within 90 days from the date the motion to transfer is filed. In effect, we limit the tolling provided under Rule 46(a)(6) and (b)(6) of the Rules of Procedure for the Children's Court to a 30 or 90 day period, respectively.

Similar considerations lead us to construe a motion to transfer to be a preadjudicatory motion under Rule 14 of the Rules of Procedure for the Children's Court.

*Remedy*

In this case, the transfer hearing was not held until 94 days after the motion to transfer was filed. The child was in detention this entire period. We hold this to be unreasonable. The child contends that due to the time violation, the delinquency petition must be dismissed. We disagree.

Although the normal remedy for violation of the children's court time limits is dismissal of the petition (*See State v. Doe*, 93 N.M. 31, 595 P.2d 1221, *supra*), we believe such a remedy would not be appropriate here as the procedural violation is only tangentially related to the asserted remedy. In another context, but with an equally applicable rationale, this Court has held that discovery violations do not require dismissal of an indictment. *See State v. Williams*, 91 N.M. 795, 581 P.2d 1290 (Ct.App. 1978). The proper remedy in this case is limited to reversal of the order of transfer.

The order transferring the child to the district court for prosecution is set aside. The petition is reinstated with directions to the children's court to proceed with the adjudicatory hearing under the time limitations established in Rule 46 of the Rules of Procedure for the Children's Court, which begin to run upon the date mandate is issued herein.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.