622 P.2d 274
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John DOE, a Child, Defendant-Appellant.**

**No. 4759.**

Court of Appeals of New Mexico.

Dec. 9, 1980.

Rehearing Denied Dec. 16, 1980.

John B. Bigelow, Chief Public Defender, Andrea L. Smith, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

■ The child appeals from an adjudication that he is a delinquent child in need of care or rehabilitation, in that he committed the crimes of criminal sexual contact of a minor and assault with intent to commit criminal sexual penetration. This is a continuation of the proceeding where we set aside the child's transfer to district court. State v. Doe, 94 N.M. 446, 612 P.2d 238 (Ct.App.1980). The child raises three issues: (1) whether the children's court judge erred in refusing to recuse himself; (2) whether the children's court judge erred in refusing to grant a continuance; and (3) whether, rather than reversing and remanding the case for a new trial, this Court should find dismissal a more appropriate remedy. Issues listed in the docketing statement but not briefed are considered

abandoned. State v. Gallegos, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978).

We affirm.

*Disqualification*

The day before the hearing the child's attorney filed a motion for a continuance. As reason number 6, he stated that "[p]ursuant to Section 32–1–29(D), N.M.S.A., 1978, Respondent and his counsel hereby give notice of their objection to the Judge who conducted the Transfer Hearing also presiding at the hearing on the Petition." The day of the hearing the motion was argued and denied on the ground that it was untimely. The motion to disqualify was argued as one of the grounds for the continuance.

Section 32–1–29(D), *supra*, states in part:

If the case is not transferred, the judge who conducted the transfer hearing shall not, over objection of a party, preside at the hearing on the petition. * * *

There is no time limit listed in § 32–1–29(D). Nor do the Children's Court Rules specify any time limitation for the filing of the motion of disqualification in this case, Rule 12 not being applicable. Accordingly, we construe into the statute a reasonable time. State v. Doe, supra.

In the instant case, the child's attorney had notice that the adjudicatory hearing was to be held within thirty days from the date of our mandate. The opinion in State v. Doe, supra, was filed on May 20, 1980, and the mandate was filed on June 11, 1980. The adjudicatory hearing was held on June 26, 1980. The children's court judge found that the filing of the motion to disqualify on the day before or the day of the hearing was untimely. The judge considered the fact that, it being the day of trial, all the subpoenas had been issued and the victim was waiting in the hall to be a witness.

■ We agree with the children's court that the motion was untimely. The reasons given by the children's court judge amply support such a ruling. Accordingly, we hold that any motion to disqualify, on the basis that the adjudicatory judge was also

the transfer hearing judge, should be filed at least ten days prior to the hearing on adjudication.

*Continuance*

In the motion for continuance, the child's attorney stated as grounds: (1) that counsel was given only one week's notice of the hearing; (2) that the sheriff had been unable to locate a necessary and material witness to the defense; (3) that the aforementioned witness was at an address in Amarillo, Texas; (4) that, due to short notice of the setting, it was impossible for the child's attorney to obtain out-of-state service of process on that witness; (5) that the child had not been transported to Eddy County as of the time of the filing of the motion and, as a result, counsel had had inadequate opportunity to confer with the child for purposes of trial preparation; and (6) that the child and his counsel objected to the judge presiding.

The child's attorney did not make an offer of proof as to why the witness was essential to his case. Not having an offer of proof, we cannot say that the children's court abused its discretion to the child's prejudice in denying the motion for a continuance on that ground. *State v. Jaramillo*, 88 N.M. 60, 537 P.2d 55 (Ct.App.1975). Concerning the contention concerning lack of time for preparation, the record supports the children's court in denying the continuance on the basis that this was an old case and the child and his attorney had had ample time to put the case together. Again, there was no abuse of discretion. *See,* § 32–1–28(C), N.M.S.A.1978.

Because we affirm, we do not reach the question of the proper remedy in the event of a reversal.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.