632 P.2d 750

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John DOE, a Child, Defendant-Appellant.**

**No. 5052.**

Court of Appeals of New Mexico.

July 21, 1981.

Michael R. Gernsheimer, Granat, Gernsheimer & Hartmann, P. A., Santa Fe, for appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HENDLEY, Judge.

The child appeals an order transferring him to the district court for prosecution as an adult. He contends the motion to transfer was untimely filed and that the trial court erred in finding that he was not amenable to rehabilitation. We affirm.

*Transfer Motion*

On December 19, 1980, a petition was filed alleging delinquency for the acts of armed robbery of a store, escape from custody of a peace officer, and resisting an officer. On the same day, the child was ordered detained. The detention order recited that the public defender was appointed to represent him and that a motion requesting that he be tried as an adult would be forthcoming.

On December 30, 1980, an amended petition was filed. The amended petition was almost verbatim as the original—the only difference being a different victim's name in the armed robbery count. Simultaneously, a motion to transfer the child to district court was filed. The transfer hearing was held January 21, 1981.

The child relies on *State v. Doe*, 94 N.M. 446, 612 P.2d 238 (Ct.App.1980), *cert. not applied for*, for the proposition that a motion to transfer under N.M. Children's Court R. 43, N.M.S.A.1978 (Repl.1980), is a "preadjudicatory motion" which must be filed within ten days under N.M. Children's Court R. 14, N.M.S.A.1978 (Repl.1980). That statement in Headnote (3) at page 449 is wrong and is to be disregarded in the future. The remainder of the opinion stands. For three reasons, we now hold that Rule 14 does not apply to the *filing* of motions to transfer.

First, preadjudicatory motions may be analogized to "pretrial motions." *See*, Committee Commentary to Rule 14 and *State v. Doe*, 93 N.M. 143, 597 P.2d 1183 (Ct.App.1979). The concept of pretrial motions traditionally embodies rulings that are conducive to the orderly flow of trials. Such motions contemplate a subsequent trial, just as preadjudicatory motions contemplate a subsequent hearing on the merits of a petition. A transfer motion is filed with the expectation that there will be no adjudication in the Children's Court.

Second, the fact that Rule 43 requires a transfer motion to be made prior to the adjudicatory hearing does not make the motion a preadjudicatory motion for purposes of Rule 14. The chronology involved is premised on the prohibition against double jeopardy. *See Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *State v. Doe*, 91 N.M. 506, 576 P.2d 1137 (Ct.App. 1978).

Third, neither Rule 43 nor § 32–1–30, N.M.S.A.1978 (discretionary transfer by the Children's Court) indicate that such motions are to be considered as actions under Rule 14. Neither the rule nor the statute provides a time limit for filing motions to transfer.

Because a transfer motion is not a Rule 14 motion and because no time limit for filing a transfer motion has been provided, we construe a limit consistent with the philosophy of the Children's Court Rules. We hold that reasonableness is the test when there is an issue concerning the timeliness of the filing of a motion to transfer. *See, State v. Doe*, 94 N.M. 446, 612 P.2d 238, *supra*.

At the hearing below, the trial court found that there were legitimate reasons for filing the amended petition and explicitly ruled the refiling "reasonable." The detention order put counsel on notice that a transfer motion would be forthcoming. Counsel did not claim lack of adequate preparation time, surprise, or prejudice, nor was a continuance requested. Under these circumstances, we find no abuse of discretion in the court's refusal to dismiss the transfer motion. The transfer hearing was held within the proper time limitation. *Contrast, State v. Doe*, 94 N.M. 466, 612 P.2d 238, *supra*.

*Amenable to Rehabilitation*

The child states this point as follows:

The trial court erred in finding the delinquent not amenable to rehabilitation. The court incorrectly required the defense to carry the burden of persuasion and affirmatively prove the child *in fact would* benefit from extant treatment with New Mexico juvenile facilities. Future actions are simply not predictable. The correct burden of proof, if at all upon the defendant-appellant, is proof that the child *could* well benefit from such treatment.

First, the transcript does not support this contention. The order of proceedings was the calling of the witnesses by the State to show that the child was not amenable to treatment in any New Mexico facilities, followed by the defense trying to show the contrary.

The record reflects an agonizing attempt by the trial judge to identify what might be the most salutory path to take with the child. In *State v. Doe*, 94 N.M. 446, 612 P.2d 238, *supra*, we commended the Children's Court for its consideration of the best interest of the child when considering the motion to transfer. Based on the record in this case, we do no less. We find no merit to the claim that the Children's Court did not use the proper test in making his decision to transfer. From the testimony, the court could have found "reasonable grounds to believe that . . . the child is not amenable to treatment or rehabilitation as a child through available facilities." *Contrast, State v. Doe*, 93 N.M. 481, 601 P.2d 451 (Ct.App.1979).

In light of the foregoing, we affirm.

IT IS SO ORDERED.

HERNANDEZ, C. J., and LOPEZ, J., concur.