639 P.2d 72

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 5236.**

Court of Appeals of New Mexico.

Nov. 25, 1981.

Rehearing Denied Dec. 9, 1981.

Writ of Certiorari Denied Jan. 15, 1982.

264

John L. Walker, William D. Teel, Teel & Walker, P. A., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

Four issues raised on appeal are (1) denial of the child's motion to strike the State's request to transfer the cause from Children's Court to District Court because. of delay between the time of filing the petition and the motion to transfer; (2) compelling the child to undergo a psychological examination and (3) allowing the psychologist to testify regarding his evaluation of the child; and (4) admission of testimony regarding prior bad acts of the child.

█ This case must be decided under the Children's Code, §§ 32–1–1, et seq., N.M.S.A.1978, as it provided before the effective date of amendment, June 19, 1981, since all events occurred before that date. N.M. Const. art. 4, § 34.

█ 1. A lapse of 43 days existed between the time of filing the petition on February 3, 1981 and the motion to transfer on March 17, 1981. Defendant argues that N.M.R.Child. Ct. 14, N.M.S.A.1978, requires the motion to be filed within ten days of the petition or first appearance of counsel. Rule 14 does not apply to transfer motions. *State v. Doe*, 96 N.M. 515, 632 P.2d 750 (Ct.App.1981). Defendant further urges that under N.M.R.Child. Ct. 46, N.M.S.A. 1978, a motion filed mid-way in the period during which an adjudicatory hearing must be held is an unreasonably delayed filing. Defendant's first attorney withdrew two weeks after the petition was filed; new counsel made his entry of appearance on March 23rd. There was no counsel of record at the time the State filed the transfer motion; consequently, one filed earlier would not have avoided whatever evils' defendant attempts to read into the "delayed" filing. There is no evidence to suggest that defendant was prejudiced by the "late" motion, or that the State, by filing the motion to transfer, was attempting in any way to avoid the time limitations for adjudicatory hearings in Children's Court. There was no unreasonable delay; this point does not require reversal.

█ 2. Section 32–1–32(B), N.M.S.A. 1978, even prior to the 1981 amendment, authorized the court to order a psychiatric or psychological examination if there were indications the child was "mentally ill or mentally retarded." The court directed the examination "on its own motion" because "in the Court's opinion the child's acts are not normal."

Whether § 32–1–32(B), *supra*, is sufficiently broad to encompass court-ordered examinations of children who "are not normal," we need not decide. The court may appoint experts on its own motion. N.M.R. Evid. 706, N.M.S.A.1978.

The court is expected to conduct Children's Court proceedings in a manner that will further the purposes and policies stated in § 32–1–2, N.M.S.A.1978; and under *Martinez v. Martinez*, 49 N.M. 405, 165 P.2d 125 (1946), it is vested with broad and inherent powers to accomplish the results contemplated by the statutes under which the action is brought, and to attain a correct resolution of the issues presented.

Additionally, in reaching a decision whether to transfer the cause to District Court, the judge must decide "whether the child is amenable to treatment or rehabilitation as a child through available facilities." Section 32–1–30, N.M.S.A.1978. If an expert's evidence of the results of a psychological examination will assist the Children's Court judge in making that determination, the court cannot be faulted for exercising every power it has to provide for that examination. We hold it has authority to do so.

█ 3. The child next argues that admission of the psychologist's testimony following a compelled examination violated his Fifth Amendment right against self-incrimination. This is an idle contention. Although no *Miranda* warnings were given in this case before the child was examined, there is not a word of the expert's testimony which indicates he received any inculpatory statements from the child during the examination, or relied on any such information in reporting his conclusions. These facts convincingly distinguish the instant

case from *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981); there was no self-incrimination in this record. *State v. Kendall,* 90 N.M. 236, 561 P.2d 935 (Ct.App.1977). We do not hold, however, that expert testimony resulting from an involuntary examination ordered by the court which is acceptable on a transfer motion would necessarily withstand a Fifth Amendment attack if offered at trial. *See Estelle v. Smith, supra; State v. Holland,* 635 P.2d 142 (Wash.App.1981).

■ 4. Defendant argues here that testimony at the transfer hearing from two juvenile probation officers was hearsay not within any of the exceptions; and inadmissible under N.M.R.Evid. 404(b), 608, and 609, N.M.S.A.1978. The objections on hearsay and regarding Rule 404(b) were not presented in the court below. They are not reviewable here. N.M.R.Evid. 103; N.M.R. Crim.App.P. 308, N.M.S.A.

Rule 609 allows testimony of a conviction which is used to impeach the witness. Rule 608 permits evidence of specific acts of conduct when probative of the truthfulness or untruthfulness of the witness or of one about whose truthfulness the witness has testified. There was no evidence of conviction, and there was no issue of any witness's character for truthfulness or untruthfulness. The evidence was not offered for either purpose covered under Rules 608 and 609, *supra.*

■ The testimony of the probation officers was relevant, however, (N.M.R.Evid. 401, N.M.S.A.1978) on the issue of the child's amenability to rehabilitation or treatment (§ 32–1–30, N.M.S.A.1978). It was therefore admissible. N.M.R.Evid. 402, N.M.S.A.1978.

No error appearing from the record, the order of transfer is affirmed.

LOPEZ and DONNELLY, JJ., concur.