730 P.2d 495

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**FELIPE V., a Child, Respondent-Appellant.**

**No. 9393.**

Court of Appeals of New Mexico.

Nov. 13, 1986.

Paul G. Bardacke, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defendant, Santa Fe, for respondent-appellant.

## OPINION

GARCIA, Judge.

Respondent appeals a children's court order denying his motion to dismiss a delinquency petition with prejudice. The sole issue on this interlocutory appeal is whether a petition for a writ of superintending control is an "appeal" within NMSA 1978, Child.Ct. Rule 46(b)(4) (Cum.Supp.1984). Under the facts of this case, we believe that it is and affirm.

### FACTS

Respondent, a juvenile, allegedly committed a second degree murder. On February 4, 1986, a petition alleging delinquency was served on him. Respondent was not held in detention pending adjudication of the charge against him. On February 20, 1986, he requested a jury trial. The request was denied as untimely and an adjudicatory hearing was set for April 28, 1986. Respondent requested an interlocutory appeal but the children's court judge refused to certify it. Respondent then petitioned the supreme court for a writ of superintending control requiring the children's court judge to set the matter for a jury trial. The supreme court granted the writ and ordered the April 28, 1986 adjudicatory hearing vacated and reset for trial by jury; the writ became permanent on April 14, 1986, fourteen days prior to the original April 28th hearing date. The judge then recused himself and the matter was reassigned and set for trial by jury on July 14, 1986. On June 11, 1986, respondent filed a motion to dismiss with prejudice, contending the children's court did not have jurisdiction because the July 14th hearing date was not within ninety days from the day the petition was served as required by Rule 46(b)(1). The court denied the motion and granted leave for this interlocutory appeal.

### DISCUSSION

The trial court determined that the ninety-day period for commencing the adjudicatory hearing began to run anew when the writ of superintending control was issued. Rule 46(b) requires that if a respondent is not in detention, the adjudicatory hearing shall commence within ninety days of serving the petition on respondent or the later occurrence of certain listed events. One of those events is an appeal. With an appeal, the date the mandate or order is filed in children's court disposing of the appeal signals the commencement of the ninety-day period. Child.Ct.R. 46(b)(4). If the hearing is not held within the applicable time limitations, the children's court must dismiss the petition with prejudice. Child.Ct.R. 46(e).

Here, the children's court denied the motion to dismiss and ruled the action by the supreme court started a new ninety-day period for commencing the adjudicatory hearing. The court reasoned that "appeal" included all instances in which issues raised and pending in children's court are presented to an appellate court. Respondent would have us interpret Rule 46(b)(4) to mean that "appeal" is limited to appellate review of the entire case once disposed of by the trial court. We decline to follow such a narrow interpretation of the rule.

The supreme court case of *State v. Flores*, 99 N.M. 44, 653 P.2d 875 (1982) is analogous to the case at bar. There, at the time defendant was arraigned in August, he was already serving a sentence in the New Mexico State Penitentiary. After entering a plea of not guilty, the trial court ordered Flores to be returned to the penitentiary's custody and to be detained there until further order of the trial court. The trial court neither set bond nor ordered any specific "conditions of release." In October, defendant was discharged from the penitentiary without the trial court's permission. In November, the trial court issued a bench warrant for defendant's arrest because he did not appear at his pretrial conference. He was arrested pursuant to that warrant in January. He moved for dismissal of the charges because no extension of the six-month rule had been sought by the state as required by NMSA 1978, Crim.P. Rule 37(c) (Repl.1985). The court held that Rule 37 was adopted to ensure the prompt trial and disposition of criminal cases, not to effect dismissals by such a technical application. It is to be

read with common sense. *Flores* at N.M. 46, 653 P.2d at 877.

We believe the same common sense approach should be taken here. Child.Ct. Rule 46, like Crim.P.Rule 37, was adopted to ensure the prompt trial and disposition of children's court cases. *See id.* The term 'appeal,' as employed in Rule 46, includes a review of the decision of the children's court under a writ of superintending control. We do not apply a narrow technical meaning. We note that Rule 46 provides that the ninety-day period runs from the date a mandate or order is filed. The term "mandate" is associated with the disposition of an appeal, while the term "order" is an appropriate reference to the termination of an original proceeding. Moreover, while we appreciate the distinction between an appeal and a writ of superintending control delineated by respondent in his brief, in situations such as this, it is a distinction without a difference. Just as with an appeal, the writ interrupted the flow of proceedings. It was in the nature of the interlocutory appeal since it created the same scheduling and preparation problems and interrupted the proceedings. *See People v. Ferguson*, 653 P.2d 725 (Colo. 1982) (en banc).

If, on appeal, a higher court orders the children's court to vacate the setting for a bench trial and schedule it for trial by jury, the rule gives the children's court ninety days from the filing of that order to set the cause for trial by jury. Under respondent's interpretation of the rule, if the same order takes the form of a writ of superintending control, it has no effect on the ninety-day clock. No matter how impractical it is for the children's court to follow the supreme court's order within the time remaining, respondent would require the state to apply to the supreme court under Rule 46(d) for the means to carry out the supreme court order obtained by respondent, or suffer mandatory dismissal.

For the foregoing reasons, we hold that "appeal" for the purposes of Rule 46(b)(4) should be defined as a seeking of review by a higher court, including seeking supreme court review under a preemptory writ. The children's court, therefore, correctly interpreted Rule 46 and its denial of respondent's motion to dismiss is hereby affirmed.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.