744 P.2d 913

**STATE of New Mexico,
Petitioner–Appellee,**

v.

**MICHAEL C., Respondent–Appellant.**

**No. 9839.**

Court of Appeals of New Mexico.

Sept. 3, 1987.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

## OPINION

MINZNER, Judge.

Respondent appeals a children's court order denying his motion to dismiss petitioner's delinquency petition. Two issues have been briefed on appeal:

(1) Whether a direct appeal from a nonfinal order is an "appeal" within the meaning of SCRA 1986, Rule 10–226(A)(4),[1] which permits an adjudicatory hearing to be commenced within thirty days of the date the dispositive mandate or order is filed in children's court; and, if not,

(2) Whether the time for commencing an adjudicatory hearing after an order denying a motion to transfer is filed, *see* Rule 10–226(A)(6), is tolled during the pendency of an improperly-perfected interlocutory appeal.

Because of our disposition of the first issue, we do not reach the second. Another issue, which is stated in the brief-in-chief but not raised in the docketing statement, is not before us. *See State v. Hernandez,* 95 N.M. 125, 619 P.2d 570 (Ct.App.1980).

This is the second appeal to come before this court in this cause. The state filed a delinquency petition against respondent on September 23, 1986. On the same day, the state moved to transfer him for trial as an adult. Respondent was placed in detention. On October 27, the children's court denied the state's transfer motion, and on October 31, the state filed a notice of appeal. On November 26, respondent moved to dismiss the petition with prejudice, on the ground that no adjudicatory hearing had been commenced within thirty days of the court's order denying the transfer motion. *See* Rule 10–226(E). The children's court held respondent's motion to dismiss in abeyance pending disposition of the appeal.

**1.** This proceeding originally commenced under NMSA 1978, Child.Ct.Rule 46 (Repl.Pamp.1982). Effective January 1, 1987, the rules of procedure for children's court were amended. SCRA 1986, Rule 10–101(D). Because the relevant rule has not been materially altered, the opinion refers to the current rule.

This court summarily dismissed the state's appeal. We have stated previously that an order denying a motion to transfer from children's court to district court is not final. *Cf. In re Doe*, 86 N.M. 37, 519 P.2d 133 (1974) (an order granting the state's motion to transfer child to district court is a final judgment for purposes of appeal). Because such an order leaves the case in children's court for further proceedings, it is interlocutory. *State v. Doe*, 99 N.M. 460, 659 P.2d 912 (Ct.App.1983); *see also* NMSA 1978, §§ 32-1-29(D) & -30(C) (Repl.1986). Because the order from which the state appealed was not final, it was not appealable. Moreover, the state did not comply with the procedural requirements for perfecting an interlocutory appeal which were in effect at the time of the state's appeal from the children's court order denying its transfer motion. NMSA 1978, § 39-3-4; NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 203 (Repl.Pamp.1983). For this reason, the prior appeal was dismissed for lack of appellate jurisdiction. *See* NMSA 1978, § 32-1-39(A) (Repl.1986) ("[a]ny party may appeal from a judgment of the [children's] court to the court of appeals").

Mandate was filed in the children's court on January 23, 1987. On February 4, the children's court denied respondent's motion to dismiss, and respondent pled guilty to voluntary manslaughter, expressly reserving his right to appeal the denial of his motion.

Respondent in effect asks us to interpret "appeal" under Rule 10-226 to exclude a request for review over which the appellate court lacks jurisdiction. We conclude that this interpretation is too narrow. *See State v. Felipe V.*, 105 N.M. 192, 730 P.2d 495 (Ct.App.1986). In *State v. Felipe V.*, we held that " 'appeal' * * * should be defined as a seeking of review by a higher court, including seeking supreme court review under a preemptory writ." *Id.* at 194, 730 P.2d at 497. We noted that the rule should be read with common sense, not to effect dismissals by technical application of the rule.

In our view, *State v. Felipe V.* establishes a broad definition of the term "appeal." In that case, we construed the term to include a writ of superintending control because it was in the nature of an interlocutory appeal. In this case, the term applies because the state sought review in the nature of a premature appeal. *See Thornton v. Gamble*, 101 N.M. 764, 688 P.2d 1268 (Ct.App.1984). *Cf. People v. Morgan*, 681 P.2d 970 (Colo.App.), *cert. denied*, 469 U.S. 881, 105 S.Ct. 248, 83 L.Ed.2d 185 (1984) (a state's interlocutory appeal, even if ultimately dismissed, tolls the speedy trial statute); *contra State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981) (period of 180 days within which defendant in criminal prosecution must be brought to trial continued to run during unauthorized interlocutory appeal by state of trial court's granting of motion for new trial). In so doing, we have chosen the result which we hope will tend to reduce the number of questions that will arise under Rule 10-226(A)(4). We believe that such a result is consistent with the purposes of the legislature in establishing the children's court.

If, during the course of children's court proceedings, the state deems it necessary to appeal an interlocutory order, then the state should follow the procedures set out by the legislature and the supreme court for perfecting an interlocutory appeal. This is especially true when the child is in detention because otherwise, as in this case, the appeal may delay disposition by the children's court without obtaining a review on the merits.

However, as we indicated in *State v. Felipe V.*, the relevant rule uses the word "appeal" in such a way as to include "all instances in which issues raised and pending in children's court are presented to an appellate court." 105 N.M. at 193, 730 P.2d at 496. There being no evidence that the state requested review by this court other than in good faith, *see State v. Doe*, 97 N.M. 263, 639 P.2d 72 (Ct.App.1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), we hold that *State v. Felipe V.* controls. The trial court properly denied respondent's motion to dismiss and should be affirmed.

The issue stated in the brief-in-chief but not raised in the docketing statement concerns alternative relief requested by respondent: credit against the length of his commitment for time spent in detention while the state's appeal was pending. It does not appear that this issue has been addressed by the trial court. For this reason, as well as because the issue was not raised in the docketing statement, we do not reach it here. On remand, the trial court will have jurisdiction to consider the request and all relevant authority.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.