790 P.2d 1040
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Louis J. VALDEZ,
Defendant–Appellant.**

**No. 11392.**

Court of Appeals of New Mexico.

Feb. 13, 1990.

Certiorari Denied March 22, 1990.

Jacquelyn Robins, Chief Public Defender, Jerry Todd Wertheim, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

### OPINION

HARTZ, Judge.

Defendant appeals his convictions of driving while intoxicated (DWI), driving with a revoked or suspended license, and reckless driving. He contends that the charges should have been dismissed be-

cause they were not timely brought to trial. We affirm the convictions.

## BACKGROUND

The convictions challenged on appeal are for offenses committed on May 27, 1988. The state initially charged defendant with the three offenses in a criminal complaint filed on May 31, 1988, in magistrate court. On September 6, 1988, the state filed a second criminal complaint against defendant for DWI, careless driving, unlawful use of a driver's license, and no proof of insurance, allegedly committed on September 4. Shortly thereafter, on September 12, the state filed two criminal complaints against defendant in district court. The first complaint, CR–88–245, contains the same charges as in the September 6 magistrate court complaint; the other district court complaint, CR–88–246, which is the matter being appealed, charged the same offenses alleged in the May 31 magistrate court complaint. The state moved to consolidate these cases with a third case, CR–88–129, defendant's de novo appeal from a magistrate court conviction for DWI.

The district court remanded 'CR–88–245 and CR–88–246 to magistrate court on October 14, 1988. On October 17 the state filed with the New Mexico Supreme Court a petition for alternative writ of prohibition or alternative writ of superintending control, seeking to overturn the district court's remand of the cases to magistrate court. On October 25 the supreme court dismissed the petition because the parties had settled the matter. On October 28 the district court withdrew its remand order. The prosecution again moved to join causes CR–88–245 and CR–88–246; joinder was granted on November 28, 1988. The charges in CR–88–245 and CR–88–246 were tried to the district court on February 16, 1989. Immediately before trial, defense counsel orally moved to dismiss the charges in CR–88–246 for failure to proceed to trial within six months of the filing of identical charges in magistrate court on May 31, 1988. The court denied the motion and convicted defendant of the charges.

## PROCEDURAL RULES REQUIRING TRIAL WITHIN SIX MONTHS

For each of the lower courts having criminal jurisdiction the New Mexico Supreme Court has promulgated a rule requiring that criminal charges ordinarily be tried within six months. The rules are not identical. For example, the district court rule is more flexible than the rule for magistrate courts.

■ Defendant contends that his trial on the charges in CR–88–246 was barred by the magistrate court rule, SCRA 1986, 6–506(B) (Repl.1988), which states:

Any criminal charge within magistrate court trial jurisdiction, which is pending for six (6) months from the date of the arrest of the defendant or the filing of a complaint or uniform traffic citation against the defendant, whichever occurs latest, without commencement of a trial by the magistrate court shall be dismissed with prejudice unless, after a hearing, the magistrate finds that the defendant was responsible for the failure of the court to commence trial. If a complaint is dismissed pursuant to this paragraph, a criminal charge for the same offense shall not thereafter be filed in any court.

By its terms, however, that rule applies only to charges "within magistrate court trial jurisdiction." CR–88–246 was filed in district court; it was not to be tried by the magistrate court. The magistrate court no longer had jurisdiction because the original complaint filed there was deemed abandoned when the identical charges were later filed in district court. *See State v. Muise*, 103 N.M. 382, 387, 707 P.2d 1192, 1197 (Ct.App.1985). Therefore, the rule governing timely prosecution of this case was the district court rule, SCRA 1986, 5–604(B), which we quote in part:

The trial of a criminal case * * * shall be commenced six (6) months after whichever of the following events occurs latest:

(1) the date of arraignment, or waiver of arraignment, in the district court of any defendant;

(2) if the proceedings have been stayed on a finding of incompetency to stand trial, the date an order is filed finding the defendant competent to stand trial;

\* \* \* \* \* \*

(4) in the event of an appeal, including interlocutory appeals, the date the mandate or order is filed in the district court disposing of the appeal;

\* \* \* \* \* \*

The parties contest whether the six-month period originally began with the arraignment in magistrate court or with the arraignment in district court. Defendant argues that because the district court complaint charged the identical offenses as the magistrate court complaint, the six-month period should begin with the filing of the magistrate court complaint. *See State v. Lucero*, 108 N.M. 548, 775 P.2d 750 (Ct. App.1989) (six-month period does not restart upon filing of new complaint in *same court* when second complaint is identical to first except that some charges have been omitted). The state, on the other hand, argues that (1) the filing of charges in magistrate court cannot affect the application of the six-month rule to district court charges, and (2) *Lucero* is inapplicable because the state, by seeking consolidation of CR–88–245, CR–88–246, and CR–88–129, was adding additional charges to the original magistrate court complaint. *See State v. Chacon*, 103 N.M. 288, 706 P.2d 152 (1985); *State v. Lucero; State v. Benally*, 99 N.M. 415, 658 P.2d 1142 (Ct.App.1983).

■ We need not resolve that dispute. Rule 5–604(B)(4) provides that "in the event of an appeal, including interlocutory appeals, [the six-month period restarts from] the date the mandate or order is filed in the district court disposing of the appeal[.]" We hold that the state's petition to the supreme court in this case constituted an appeal within the meaning of the rule. Because trial commenced within six months of the supreme court's order dismissing the petition, the state complied with Rule 5–604(B).

We acknowledge that there are distinctions between an "appeal" in its technical sense and a petition for a writ. Nevertheless, our supreme court has made it abundantly clear that we are to give a "common sense" reading to Rule 5–604(B) and that the rule "is not to be technically applied 'to effect dismissals.'" *State v. Mendoza*, 108 N.M. 446, 448, 774 P.2d 440, 442 (1989) (quoting *State v. Flores*, 99 N.M. 44, 46, 653 P.2d 875, 877 (1982)). *Accord State v. Sanchez*, 109 N.M. 313, 785 P.2d 224 (1989). In *Mendoza* the trial court had entered an order suspending the proceedings to determine the defendant's mental competency to stand trial. After the evaluation the trial judge found the defendant competent. *Mendoza* held that Rule 5–604(B)(2) provided that the six-month period recommenced from the date of the order finding defendant competent, even though the literal language of the rule applies only if there had been a prior finding of incompetency.

Of special relevance to the issue before us, the *Mendoza* court referred to our decision in *State v. Felipe V.*, 105 N.M. 192, 730 P.2d 495 (Ct.App.1986) as support for its observation that a literal interpretation of the rule "would not have ... effectuated the rule's intent and purpose." 108 N.M. at 448, 774 P.2d at 442. *Felipe V.* construed the meaning of the word "appeal" in the provision of the children's court rules requiring speedy commencement of adjudicatory hearings. Children's Court Rule 46(b)(4) (Cum.Supp.1984) (now SCRA 1986, 10–226(B)(4)) stated in pertinent part:

If the respondent is not in detention ... the adjudicatory hearing shall be commenced within ninety days from whichever of the following events occurs latest:

(1) the date the petition is served on the respondent;

\* \* \* \* \* \*

(4) in the event of an appeal, the date the mandate or order is filed in the children's court disposing of the appeal[.]

In *Felipe V.* the respondent had petitioned the supreme court for a writ of superintending control. We held that "appeal" for the purposes of Rule 46(b)(4) should be defined "as a seeking of review by a higher court, including seeking supreme court re-

view under a preemptory [sic] writ." *Id.* 105 N.M. at 194, 730 P.2d at 497. *Cf. State v. Michael C.,* 106 N.M. 440, 744 P.2d 913 (Ct.App.1987) (Rule 10–226(A)(4)—the equivalent of Rule 10–226(B)(4) for children in detention—applies even when interlocutory appeal sought by state was denied by appellate court for lack of appellate jurisdiction). *See also State v. Eden,* 108 N.M. 737, 779 P.2d 114 (Ct.App.1989) (six-month period under Rule 5–604 recommences upon issuance of mandate denying defendant leave to file interlocutory appeal).

For present purposes, we see no basis for distinguishing the meaning of "appeal" in the children's court rule from the meaning of "appeal" in Rule 5–604. The only difference in the language of the two rules is that the children's court rule does not contain the words "including interlocutory appeals." Yet *Michael C.* interpreted the children's court rule to include interlocutory appeals. The approach taken in *Mendoza* and the reference in that opinion to *Felipe V.* compel us to adopt the definition of "appeal" in *Felipe V.* To adopt defendant's reasoning that insertion of the words "including interlocutory appeals" was intended to exclude interlocutory review by means of petitions for peremptory writs would be contrary to the spirit of prior interpretations of our speedy-trial rules.

Defendant argues against our interpretation of the term "appeal" on the ground that the state could seek a writ on some pretext whenever it wanted additional time before trial of a defendant. We do not, however, countenance abuse of the right to petition for a writ as a means for improperly recommencing the six-month period. *Michael C.* suggests that the rule in *Felipe V.* does not apply when review by a higher court is sought in bad faith. If abuse is shown, appropriate action can be taken. *See State ex rel. Delgado v. Stanley,* 83 N.M. 626, 627–28, 495 P.2d 1073, 1074–75 (1972). There is no evidence of such abuse in this case. On the contrary, the state obtained, apparently through agreement with defendant, the relief it sought (voiding the remand of the case to magistrate court) in its petition to the supreme court. Defendant misses the point when he suggests that the state should have applied to the supreme court for an extension of time to commence the trial, *see* Rule 5–604(C), rather than petitioning for a writ. That suggestion assumes that the purported purpose of the petition was but a subterfuge for a different purpose—to obtain an extension of time. An extension of time, however, would not have resolved the state's legitimate concern about the case being remanded to magistrate court. We also note that the district court specifically found that the state's decision to file charges in district court was not for the purpose of circumventing the six-month rule. (The state's apparent purposes for moving the case to district court were: (1) the state wished to avoid any question about the jurisdiction of the magistrate court to impose the sentences desired by the state; (2) consolidation of all three trials would conserve resources; and (3) given the likelihood of defendant's seeking a trial de novo on appeal to district court of an adverse verdict in magistrate court, trying the case in district court at the outset would avoid duplication of effort.)

Finally, defendant contends that Rule 5–604(B)(4) does not apply, because while the petition was pending before the supreme court, the magistrate court—whose speedy-trial rule has no provision for restarting the six-month period after an appeal—had jurisdiction by virtue of the district court's order remanding the case. This argument ignores the framework of the rules in providing greater flexibility in time limits for those cases deemed serious enough to be tried in district court. In any event, the district court's later withdrawal of its remand order rendered the remand a nullity for the purpose of determining which six-month rule applies.

Although it is not clear that the district court relied on Rule 5–604(B)(4) in denying defendant's claim that the six-month rule was violated, we will uphold the district court if it is right for any reason, *see State v. Urban,* 108 N.M. 744, 779 P.2d 121 (Ct. App.1989), at least when the appellant is not prejudiced by the failure of the district

court to rule on the ground upon which we rely. Defendant's reply brief addressed the merits of this issue and failed to claim that the issue was not properly before this court.

## CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL

Defendant also contends that he was denied his sixth amendment right to a speedy trial. Determination of whether a defendant has been denied his constitutional right to a speedy trial requires weighing four factors: length of the delay, reason for the delay, assertion of the right, and prejudice to the defendant. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Zurla v. State,* 109 N.M. 640, 789 P.2d 588 (1990); *State v. Grissom,* 106 N.M. 555, 746 P.2d 661 (Ct. App.1987). The principal stumbling block for defendant is his failure to raise his constitutional claim in the district court. In the portion of defendant's brief-in-chief that addresses the constitutional claim, defendant states, "Mr. Valdez asserted his right in a motion before trial," and cites to the taped transcript for the day of trial. The state's answer brief points out, however, that defendant's trial counsel never claimed violation of a constitutional right and never argued the four factors set out in *Barker.* Defendant's reply brief does not address the constitutional claim. Our review of the transcript shows that trial counsel discussed only violation of this state's six-month rules.

Because defendant did not raise the constitutional claim until this appeal, there were no district court proceedings to develop fully the facts relating to the *Barker* factors, and the district court had no opportunity to weigh them. In a similar circumstance, a federal court of appeals wrote:

> Although defendants and their counsel are allowed considerable leeway in delaying their demand for a speedy trial before the trial court, the issue must be raised at some point. A complete failure to raise it in the trial court, as was the case here, precludes our consideration of the issue on appeal, for the simple reason that there is nothing to review. There is

no decision of the district court weighing the factors considered and no record from which we could independently evaluate the government's conduct. [Citations and footnote omitted.]

*United States v. Canniff,* 521 F.2d 565, 573 (2d Cir.1975), *cert. denied sub nom., Benigno v. United States,* 423 U.S. 1059, 96 S.Ct. 796, 46 L.Ed.2d 650 (1976).

Moreover, from what appears in the record, defendant's claim of denial of a speedy trial has no basis. First, the delay from the time of the original charge until the time of trial was not especially long. Second, as noted above, the motivation of the state was not oppressive. Indeed, a consolidated trial probably would not materially delay, and could accelerate, ultimate resolution of the outstanding charges against defendant. Third, defendant did not request a speedy trial prior to the date of trial. Fourth, and most importantly, there is no evidence that defendant suffered substantial prejudice from the delay. Although defendant claims that the delay caused anxiety and concern and that he suffered "oppressive incarceration" from having to post a bond and abide by its restrictions, defendant does not isolate the alleged deleterious effects due to CR–88–246 from those due to the other charges pending against him during the same period. In short, nothing in the record suggests such a striking violation of the constitutional right to a speedy trial that it would be appropriate to consider that issue for the first time on appeal. *See* SCRA 1986, 12–216(B).

## CONCLUSION

We affirm the district court's judgment.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.