This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 33,357**

**HASKELL LEWIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant Haskell Lewis appeals from his conviction for possession of a controlled substance on the sole ground that he was denied his right to a speedy trial provided by the state and federal constitutions. We affirm.

**BACKGROUND**

**{2}** Defendant was arrested on March 20, 2010, when police found him in possession of a white powdery substance, later determined to be cocaine. A grand jury indicted Defendant on July 12, 2010, for a felony violation of NMSA 1978, Section 30-31-23(A) (2011). Defendant posted bond and was subject to standard conditions of release prohibiting him from leaving the county without permission of the court, entering liquor establishments, or possessing or consuming alcohol or illegal drugs.

**{3}** After the matter had been set for trial on three occasions and had been pending for three years, Defendant filed a motion to dismiss on July 5, 2013, alleging a violation of his right to a speedy trial. At a hearing on the motion, the district court divided the thirty-seven month delay into six periods and made several factual findings, none of which are challenged on appeal, and all of which are supported by evidence in the record.

**{4}** The district court found that Defendant did not have an attorney for four months from the indictment on July 12, 2010, to November 12, 2010, and Defendant only obtained counsel after the State filed a motion compelling him do so. Eleven months

then elapsed between defense counsel's entry of appearance and the docket call that was set for September 22, 2011, with the expectation that trial would begin shortly thereafter. However, Defendant failed to appear at the docket call, and the trial was vacated and needed to be reset. Defendant's attorney then left the public defender's office, and the district court estimated that his new attorney would not be ready for trial until March 2012.

{5}    Yet trial was not set to occur in March, and in fact, "there was absolutely positively no movement" by either the State or the district court to set the matter for trial until January 2013. At around that time, the presiding judge's entire caseload was reassigned to a new judge who set about "getting a whole new trial docket set up and . . . trying to move things along." Trial was eventually set for June 24, 2013, but that setting was continued, ostensibly because the State failed to disclose a drug analysis report to defense counsel prior to trial. However, a supplemental filing later revealed that the State had in fact disclosed the report, which was apparently lost in the shuffle between Defendant's former and current attorneys. The district court ultimately set trial for early August 2013 and denied Defendant's motion to dismiss. Defendant's trial ended in a mistrial, and Defendant accepted a plea agreement, reserving his right to appeal the speedy trial ruling. This appeal followed.

**DISCUSSION**

{6}     In evaluating a speedy trial claim, we consider "(1) the length of the delay, (2) the reasons given for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant." *State v. Lopez*, 2009-NMCA-127, ¶ 20, 147 N.M. 364, 223 P.3d 361. "[W]e independently evaluate the four factors to ensure that no speedy trial violation has occurred while giving deference to the trial court's findings." *State v. Talamante*, 2003-NMCA-135, ¶ 3, 134 N.M. 539, 80 P.3d 476 (alteration, internal quotation marks, and citation omitted).

{7}     Analysis of the four factors is only triggered if the length of delay crosses a threshold of one year in simple cases, fifteen months in intermediate cases, or eighteen months in cases that are demanding or complex. *State v. Garza*, 2009-NMSC-038, ¶¶ 21, 48-49, 146 N.M. 499, 212 P.3d 387. The district court found that this case "falls within the simple range," and we defer to that finding. *See State v. Coffin*, 1999-NMSC-038, ¶ 56, 128 N.M. 192, 991 P.2d 477 ("The question of the complexity of a case is best answered by a trial court familiar with the factual circumstances, the contested issues and available evidence, the local judicial machinery, and reasonable expectations for the discharge of law enforcement and prosecutorial responsibilities." (internal quotation marks and citation omitted)). In total, thirty-seven months elapsed from the date of the indictment on July 12, 2010, when the speedy trial right attached, until the day trial began on August 7, 2013. *See State v. Urban*, 2004-NMSC-007, ¶

4

12, 135 N.M. 279, 87 P.3d 1061 (stating that the speedy trial right attaches at the time the indictment is filed). The State does not dispute that this substantial delay is sufficient to trigger the speedy trial analysis.

**Length of Delay**

{8}    "In determining the weight to be given to the length of delay, we consider the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *State v. Stock*, 2006-NMCA-140, ¶ 13, 140 N.M. 676, 147 P.3d 885 (internal quotation marks and citation omitted). Here, the district court found that the overall delay of thirty-seven months in a case that should have been completed in less than one-third of that time was "extraordinary." *See Garza*, 2009-NMSC-038, ¶ 48. We agree that a thirty-seven-month delay in a simple case normally weighs heavily against the State. *See Urban*, 2004-NMSC-007, ¶ 20 (weighing a delay in a simple case heavily against the State where the length of delay was "three times [the] minimum amount").

**Reasons for Delay**

{9}    "Closely related to length of delay is the reason the government assigns to justify the delay." *Garza*, 2009-NMSC-038, ¶ 25 (internal quotation marks and citation omitted). These reasons "may either heighten or temper the prejudice to the defendant caused by the length of the delay." *Id.* (internal quotation marks and citation

5

omitted). There are three types of delay, each carrying a different weight. *Id.* ¶¶ 25-27. Prosecutorial bad faith will be weighed heavily against the State; negligent or administrative delays will weigh less heavily; and appropriate delays for valid reasons, such as a missing witness, are justified. *Id.*

{10}     The district court divided the delay into six periods and came to the following conclusions: (1) from July 12, 2010, until November 12, 2010, all delay was attributable to Defendant for failing to obtain counsel; (2) from November 12, 2010, until the docket call for the first trial setting on September 22, 2011, all delay was weighed neutrally as a reasonable time period to set the matter for trial; (3) the period from September 22, 2011, to March 2012 resulted from Defendant's failure to appear at the docket call and from his change of attorney and was therefore attributable to Defendant; (4) the period from March through December 2012 involved no movement by the State and was weighed against the State as a negligent or administrative delay; (5) the period from January until April 2013 was weighed against Defendant, though it is unclear why; and (6) the period from June 2013 until trial was held in August was weighed against Defendant for requesting a continuance on the mistaken belief that the State failed to provide defense counsel with a copy of the drug analysis report.

{11}     On appeal, Defendant challenges three periods of delay that were not attributed to the State. Defendant argues first, that the period in which Defendant failed to obtain

an attorney cannot be weighed against him since he had no obligation to retain counsel; second, that Defendant's failure to appear at docket call cannot be weighed against him because the bench warrant for his arrest was ultimately quashed; and third, that Defendant cannot be faulted for any delay from January until April 2013 that resulted from the former judge's entire caseload being reassigned to the current judge. We address Defendant's arguments in turn.

{12} Defendant's first argument implicates the four-month delay from the date of indictment on July 12, 2010, until Defendant hired counsel on November 12, 2010. Defendant argues that it was error to assign the delay to him because criminal defendants have no obligation to retain counsel and can proceed pro se. While we agree that a defendant may represent himself in a criminal matter, *see* N.M. Const. art. II, § 14 ("In all criminal prosecutions, the accused shall have the right to appear and defend himself in person[.]"), he may only do so if he "clearly and unequivocally assert[s] his intention to represent himself . . . in a timely fashion." *State v. Garcia*, 2011-NMSC-003, ¶ 25, 149 N.M. 185, 246 P.3d 1057 (internal quotation marks and citation omitted). There is no indication in the record that Defendant ever asserted his intention to represent himself or waived his right to an attorney. While the court waited for Defendant to retain counsel, the State sought to move the case along. It

requested that the court compel selection of counsel and made a request for speedy trial on Defendant's behalf. This period cannot be weighed against the State.

**{13}** Defendant's second argument implicates the six-month delay from September 22, 2011, when Defendant failed to appear at the docket call for trial scheduled in early October until March 2012, when the court reasonably should have rescheduled the matter for trial. Defendant specifically argues that this delay cannot be weighed against him since the State agreed to quash the bench warrant that resulted from his failure to appear. We can find no support for the proposition that the State's decision to stipulate to the cancellation of a bench warrant relieves a defendant of fault for causing delay in a speedy trial analysis. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("In the absence of cited authority, we assume that none exists and decline to consider the argument further."), *cert. quashed*, 2013-NMCERT-010, 313 P.3d 251. In any event, the six months certainly cannot be weighed against the State, which announced at the docket call that it was ready to proceed to trial. Had Defendant appeared on September 22, 2011, the bulk of the remaining delay would never have occurred.

**{14}** We agree with Defendant's final contention that the district court should not have weighed any time against him resulting from the reassignment of the former judge's entire caseload to the current judge. The district court's findings on this point

are not clear. It stated that the three-month period following the reassignment—from January until April 2013—"slightly weigh[ed] against [D]efendant based on entry of new counsel, but also against the [c]ourt" as a matter of "bureaucratic indifference." The court stated that the delay "factor[s] . . . in favor of [D]efendant," but it then proceeded to weigh the same period against Defendant. We can only conclude that the district court committed an error, and we weigh this period against the State, as a negligent or administrative delay. *See Garza*, 2009-NMSC-038, ¶ 29 (weighing delay resulting from the reassignment of judges in the district court as an administrative burden on the criminal justice system, attributable to the State for speedy trial purposes).

**{15}** In summary, this case involves twelve months of delay attributable to Defendant, and twelve months attributable to the State. The remainder of the delay is neutral and justified.

**Assertion of the Right**

**{16}** "[T]he defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." *Garza*, 2009-NMSC-038, ¶ 31 (internal quotation marks and citation omitted). "[T]he timeliness and vigor with which the right is asserted may be considered as an indication of whether a defendant was denied needed access to speedy trial over his

9

objection or whether the issue was raised on appeal as afterthought." *Id.* ¶ 32. We thus "accord weight to the frequency and force of the defendant's objections to the delay[,]" and "analyze the defendant's actions with regard to the delay." *Id.* (internal quotation marks and citation omitted).

{17}     Defendant asserted his right to a speedy trial on three occasions—twice in boilerplate language when various attorneys entered their appearances and once in his motion to dismiss on speedy trial grounds filed in July 2013. The district court set trial within a reasonable time after Defendant's first assertion of the right. Since Defendant then failed to appear at the docket call, we agree with the district court that this perfunctory assertion should be afforded no weight. *See id.* (stating that when considering the weight of a defendant's assertions, "[w]e also analyze the defendant's actions with regard to the delay").

{18}     Defendant then made no request for speedy trial during the entire period of the State's negligence. The second pro forma assertion was not made until Defendant changed counsel for a third time in February 2013, and the third assertion was only made three weeks prior to trial. Where a defendant asserts his right to a speedy trial "only after all of the delay of which [he] complains," there is no reason to weigh the this factor substantially in his favor. *See State v. Garcia*, 1990-NMCA-065, ¶ 22, 110 N.M. 419, 796 P.2d 1115.

**Prejudice to Defendant**

{19} We analyze prejudice to the accused in light of three interests: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Garza*, 2009-NMSC-038, ¶ 35. A defendant "bears the burden to demonstrate and substantiate prejudice." *State v. Valencia*, 2010-NMCA-005, ¶ 28, 147 N.M. 432, 224 P.3d 659. In the absence of a particularized showing of actual prejudice "of the kind against which the speedy trial right is intended to protect," we will find a violation of the right only where the other factors "weigh heavily" in the defendant's favor. *Garza*, 2009-NMSC-038, ¶ 39.

{20} Defendant was not incarcerated during the thirty-seven month delay. He argued below that his pending felony caused him to lose housing and employment opportunities, but the record did not support that argument. Specifically, Defendant presented little, if any, evidence linking his lost opportunities to the charges in this case—as opposed to the charges alleged in two other, unrelated felony complaints against him. *See State v. Valdez*, 1990-NMCA-018, ¶ 16, 109 N.M. 759, 790 P.2d 1040 (finding no showing of prejudice where the defendant did not "isolate the alleged deleterious effects [of his charges] from those due to the other charges pending against him during the same period"). Nor did Defendant present evidence to

11

"establish[] that the delay in trial beyond the presumptive period caused the alleged prejudice as opposed to the original indictment" itself, *State v. Spearman*, 2012-NMSC-023, ¶ 39, 283 P.3d 272, or to rule out the possibility that Defendant's lack of a high school diploma or GED caused potential employers to hire more qualified candidates. Given the existence of several possibilities that might explain Defendant's lost employment and housing opportunities, we defer to the district court's judgment on the issue. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." (internal quotation marks and citation omitted)).

{21} Defendant makes a general argument on appeal that "pre-trial restrictions on his social behavior and travel" caused him anxiety and concern. This "non-particularized prejudice[,]" based entirely on Defendant's standard conditions of release, "is not the type of prejudice against which the speedy trial right protects." *Garza*, 2009-NMSC-038, ¶ 37 (alteration, internal quotation marks, and citation omitted); *see id.* (concluding that where the defendant demonstrated only "prejudice in the form of restrictions imposed by pre-trial conditions of release and stress[,]" he failed to demonstrate particularized prejudice (internal quotation marks and citation omitted)); *State v. Taylor*, 2015-NMCA-012, ¶ 20, 343 P.3d 199 ("[R]estriction on [the

12

defendant's] movement, restrictions on his liberty, excessive worrying about the charges against him, and concern that the delay could have caused the defense to be impaired . . . is not sufficient by itself to demonstrate particularized prejudice caused by the delay." (internal quotation marks and citation omitted)); *State v. Laney*, 2003-NMCA-144, ¶ 29, 134 N.M. 648, 81 P.3d 591 ("[W]e emphasize that the focus of our inquiry in a speedy trial analysis is on *undue* prejudice." (emphasis added)).

{22} Defendant finally contends for the first time on appeal that his defense was impaired by the delay since he had three attorneys assigned to his case. The contention is unpreserved and undeveloped, and we need not consider it further. Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); *see Spearman*, 2012-NMSC-023, ¶ 39 (requiring the defendant to offer evidence to the district court to support his claim of prejudice). We therefore conclude that Defendant's arguments have failed to establish the particularized showing of prejudice contemplated by *Garza*.

**Balancing Test**

{23} Since Defendant has not made a particularized showing of actual prejudice, his claim must fail unless the other factors "weigh heavily" against the State. *See Garza*, 2009-NMSC-038, ¶¶ 38-40. They do not. Of the thirty-seven months it took to bring this case to trial, twelve months are attributable to negligent or administrative delay,

partially due to the reassignment of the former judge's caseload. Defendant's failure to initially acquire counsel to later appear at the docket call and ultimately to assert his right to a speedy trial during the entire period of the State's negligence evinces his apparent acquiescence to the delay. On balance and in the absence of any showing of actual prejudice, we agree with the district court that Defendant's own actions effectively tempered the weight of this unusually long delay. We thus find no violation of Defendant's right to a speedy trial.

**CONCLUSION**

{24} We affirm the district court.

{25} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**