## (May 25, 1964)

■ In the Matter of PEARL GLADWIN et al., Respondents, v. JAMES M. POWER et al., Constituting the BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondents, ANNA T. WITHEY, Appellant, and PETER LUGO et al., Respondents.— Judgment, in the form of an order entered on May 19, 1964, invalidating the petition designating Anna T. Withey as candidate for the Democratic nomination for Assemblyman for the Sixth Assembly District in Bronx County, reversed, on the law and the facts, without costs to any party, the petition of respondents dismissed, and the Board of Elections is directed to restore the candidate's name to the ballot on the primary election to be held June 2, 1964. The evidence establishes satisfactorily the current intention and the persisting intention over a number of years of Mrs. Withey to maintain a legal residence in the Sixth Assembly District. There she maintains a physical arrangement for living and uses such arrangement both for occasional living and as an office. The fact that Mrs. Withey's family abide in a different home at a different address in Bronx County is not conclusive either on her power or the fact that she has continuously maintained a residence and domicile of her own apart from her family at the Prospect Avenue address. While there may only be one domicile for any particular purpose in the law it does not necessarily follow that the same concept of domicile will inevitably be the same in different areas of law. It suffices that the residence of Mrs. Withey at Prospect Avenue both by intention and physical manifestation sustains a residence within the meaning of the Election Law (§ 150). The situation here is not distinguishable from that in *Matter of Chance* v. *Power* (14 A D 2d 595, affd. 10 N Y 2d 792) in which it was the husband rather than the wife who maintained a separate physical establishment in order to continue a persistent residence in Manhattan although his family had been established more recently in The Bronx. *Matter of Aiello* v. *Power* (4 A D 2d 833, affd. 3 N Y 2d 892) is distinguishable because there a succession of residences was inescapably involved, the second of which was recent and demonstrably sham. In this case, Mrs. Withey has had two residences over an extended period of time, as distinguished from an abandonment of one residence for another, and the issue is her power to determine which shall be her residence for the purposes of the Election Law, provided her selection is based upon objective conduct and is actual. Concur — Breitel, J. P., Rabin, Valente and Stevens, JJ.; Steuer, J., dissents in the following memorandum: The majority opinion correctly enunciates that there may be only one domicile. When the voter has more than one residence, the one that constitutes his domicile is the only one from which he may vote. There is no such thing as a "voting residence" nor is it possible to establish an intent that a place other than one's actual domicile is a domicile for the purposes of voting (*Matter of Aiello* v. *Power*, 4 A D 2d 833, affd. 3 N Y 2d 892). The appellant here lived with her family on Gunther Avenue. There can be no doubt that she regarded this as her home. The fact that she had for some years rented space at various addresses in the Sixth Assembly District and that certain of these, in addition to being headquarters for her professional and political activities, had some residential facilities which she used from time to time, and that her party acquiesced in the fiction that one of these was her actual residence, does not affect the question. The question is where she intends to live, not where she wants to vote. Renting and even using space does not show an intent to change one's established domicile. To use the classic phrase, she had no *animus manendi* toward Prospect Avenue. The order should be affirmed.