Hon. William Scully Town Attorney, Ontario
This is written in response to your request for an opinion on behalf of the Ontario Town Clerk. The Town of Ontario is located in Wayne County. One of the volunteer fire companies that serves the Town of Ontario also serves part of the Town of Webster. It has its firehouse within the Town of Ontario, but its recreation field is located in the Town of Webster, in contiguous Monroe County. The field is within the area served by the fire company. The volunteer firemen's association wishes to apply for a license to conduct games of chance at the field, and you would like to know which town has authority to issue such a license.
Games of chance are regulated by Article 9-A of the General Municipal Law. Section 187 of said law authorizes cities, towns and villages, upon enactment of a local law through proper procedures, including approval by the electors at a referendum, to license the conduct of games of chance by authorized organizations within the territorial limits of themunicipality.
We parenthetically note that the volunteer firemen's association in question has not yet qualified as an "authorized organization," as that term is defined in General Municipal Law, § 186 (4). It expects to be so qualified before the summer, and it is in that context that this opinion is given. Of course, if the association does not qualify as an authorized organization, it cannot obtain a games-of-chance license.
The New York State Racing and Wagering Board, which is charged with supervising the administration of games of chance, has promulgated9 NYCRR 5603.11, which provides:
 "The municipal governing body shall, prior to the issuance of any license, make a finding that the applicant organization is domiciled within the territorial limits of the municipality and shall not issue a license to an organization domiciled beyond such territorial limits." (Filed 12/30/76, effective 1/1/77.) (Emphasis supplied.)
The issue, then, is to determine where the organization is domiciled. Even though there may only be one domicile for any particular purpose in the law, it does not necessarily follow that the concept of domicile will inevitably be the same in different areas of the law (Gladwin v. Power,21 A.D.2d 665 [1st Dept, 1964]). Article 11 of the Town Law provides that a fire district may include territory in more than one town. See, e.g.,
Town Law, § 170. Accordingly, we conclude that here, by its nature, the organization is domiciled within the fire company's operational boundaries, which include portions of two towns.
From the foregoing, it is our opinion that pursuant to Article 9-A of the General Municipal Law, where a volunteer firemen's association operates in more than one town, if the authorized organization otherwise satisfies the requirements for the issuance of a games-of-chance license, it should apply to the clerk of the town in which the games are to be actuallyconducted for a license, provided that the property where the games are to be held is within the operational boundaries of the organization. In this particular situation, the license could only be issued in the Town of Webster.