OPINION OF THE COURT
Stephen P. Kramer, J.
This case presents the question of whether the Rent Stabilization Law and Code extend to an apartment leased by an itinerant tenant who spends all but a handful of days every year traveling to various professional engagements. The statute provides that it shall not extend to “housing accommodations which are not occupied by the tenant * * * as his primary residence”. (Emergency Tenant Protection Act of 1974, § 5, subd a, par [11], as added by L 1974, ch 576, § 4, as amd by L 1983, ch 403, § 55.)
The facts in this case are as follows. The tenant leased this one-bedroom apartment near Lincoln Center in 1975. She is a professional soprano and teacher of voice. For the last several years she has toured extensively in the United States and Canada and has occupied the apartment, on average, three days a month. When she is on tour, she stays in private homes provided for her by the academic or other institution which is her sponsor. When she is in New York she generally stays in the apartment. Six or seven years ago she and her husband purchased a home in New Jersey. She and her husband are now separated and they have been trying to sell the home for over a year. She has not had sufficient income to require the filing of New York State or City tax forms for the past several years, although the tenant has filed such forms in the past. Her husband’s *213 address in New Jersey has been used on their joint Federal return; the tenant stated that as virtually all the income reported was his, any communication concerning the form would be of most concern to him, and that it would be most feasible to communicate to her through the New Jersey address. The tenant also testified that she regards the subject premises as her home and primary residence; that it contains her grand piano, furniture, and many of her personal belongings; and that she intends to return and use it as her exclusive residence when she stops touring.
The landlord’s case is predicated on two theories. First he argues that respondent Brychova maintains her primary residence in New Jersey. On this he failed to establish his case by a preponderance of the evidence. The landlord seeks the benefit of the statutory exemption of premises not maintained as the tenant’s primary residence; he therefore has the burden of proving the facts necessary to avail himself of the exemption. Here, the landlord introduced no evidence to rebut the tenant’s claim that she had separated from her husband and no longer maintained a residence with him in New Jersey. Her testimony that her life revolves around her profession, and that when she is in the metropolitan area her life centers around her Manhattan apartment where she teaches and practices was fully credible. Ms. Brychova also provided a credible reason for not having proof of filing city taxes and for having allowed her husband’s New Jersey address to be used on the joint Federal tax form.
The landlord’s second theory is that a tenant who uses an apartment as infrequently as Ms. Brychova cannot, as a matter of law, be said to maintain a “primary residence” in that apartment. The ordinary meaning of the word “primary” is “first in rank or importance: chief, principal” (Webster’s Third International Dictionary, p 1800). On the facts of this case, it is clear that this apartment is the tenant’s principal home. It surely is more central than any of the various houses, hotels and dormitories she lives in while on tour. Moreover, her use of this apartment for her piano and personal possessions, and most importantly, her intent to reuse it when her professional life allows, are sufficient to establish it as her legal domicile. Persons *214 engaged in itinerant occupations do not lose their domicile by virtue of their constant travel; see the legion of litigated cases concerning seamen, soldiers, baseball players and the like discussed in New York Jurisprudence (vol 17, Domicile and Residence, § 32 et seq.). (See, also, 25 Am Jur 2d, Domicile, § 46.)
While there may be instances when a legal domicile is not a tenant’s primary residence within the meaning of the Rent Stabilization Law, the two concepts are not unrelated; legal domicile ordinarily will be sufficient to prove primary residence unless there are unusual circumstances demonstrating that the legal domicile is being maintained for reasons unrelated to housing accommodations. Compare section 54 (subd E, par [2]) of the Code of the Rent Stabilization Association of New York City, Inc. (as amd May, 1983), which provides that the domicile of a tenant for tax purposes would create a presumption of residency for rent stabilization purposes. There is no evidence that the tenant here is maintaining this residence for reasons unrelated to her own housihg needs, or as a convenient pied á terre to be used for occasional visits to Manhattan. Rather, it is her home.
It would indeed be surprising if the State and City of New York did not extend the protections of the Rent Stabilization Law and Code to itinerant artists. The city is providing extensive subsidies to provide affordable housing for artists; excluding the itinerant ipso facto from the law would be counterproductive to these efforts. The restrictions of the Rent Stabilization Law were designed to preclude the warehousing of apartments by those who voluntarily establish primary residences elsewhere; it was not intended to allow the eviction of those individuals who travel extensively for professional reasons but who otherwise maintain their home in New York City.
Petition dismissed.