OPINION OF THE COURT
John A. Milano, J.
“And the king [Solomon] said, Divide the living child in two, and give half to the one, and half to the other.” (1 Kings, ch 3, verse 25.)
ISSUE
This court is asked to declare that the apartment of the respondents, Jacob and Ruth Schechter, is not their primary residence. Under recent amendments to the amended Code of the Rent Stabilization Association of New York City, Inc. (RSC), if Jacob Schechter was the sole lessee, this court would be bound to so declare. But if Ruth Schechter were the sole lessee, she would prevail and be entitled to remain in possession. Faced with this quandary, can this court “divide the child” as it were and still render justice?
PROCEEDINGS
Petitioner brings this holdover proceeding requesting that this court determine and declare the subject premises is not the primary residence of the tenant respondents *761 herein and awarding a judgment of possession in favor of the petitioner landlord. That in furtherance of same and pursuant to the provisions of the Omnibus Housing Act of 1983 (L 1983, ch 403) the said petitioner notified the said tenants by 30-day notice of its intention to commence such action or proceeding on such grounds. (Administrative Code of City of New York, § YY51-3.0, subd a.)
RENT STABILIZATION CODE AMENDMENT
Ordinarily an owner must offer a renewal lease to any rent-stabilized tenant whose lease is expiring. (ESC, § 60.) But the owner may refuse to offer such renewal lease when the tenant has stopped using his apartment as his primary residence. (ESC, § 54, subd E.) The rationale for this rule is that a tenant should not enjoy the benefits of rent-stabilized apartments when he actually lives or has his primary residence elsewhere, especially in view of the emergency shortage of apartments and a vacancy rate of about 2%. Pursuant to section YY51-6.0 of the New York City Eent Stabilization Law, and section 15 of chapter 576 of the Laws of 1974, notice of approval by the Department of Housing Preservation and Development of Amendment No. 4 to the amended Code of the Eent Stabilization Association of New York City, Inc., was given on June 10, 1983, filed with the city clerk on June 13, 1983 and published in the City Eecord on June 16, 1983, the date when the amendment became effective. It reads as follows:
“Section 1. Paragraph two of subdivision E of section fifty-four of the Code of the Eent Stabilization Association is amended to read as follows:
“(2) In making such determination the Conciliation and Appeals Board shall give due consideration to any facts and circumstances establishing that the housing accommodation is not the tenant’s primary residence, including, but not limited to, the fact that such tenant (i) specified an address other than such housing accommodation as his place of residence in any tax return, motor vehicle registration, driver’s license or other document filed with a public agency, (ii) gives an address other than such housing accommodation as his voting address, or (iii) assigns and/or sublets such housing accommodation. Provided, however, that the Conciliation and Appeals Board shall *762 not find that the housing accommodation which is subject to this Code is the primary residence of the tenant unless the tenant is either domiciled in the City at the claimed housing accommodation or, if not domiciled in the City, the tenant spent an aggregate of more than one hundred eighty-three days in the preceding calendar year in the City at such accommodation (unless such individual is in active service in the armed forces of the United States or took occupancy at such accommodation during the preceding calendar year) and, in either event, provides proof satisfactory to the Conciliation and Appeals Board that the tenant either filed a New York City Resident Income Tax Return at the claimed primary residence for the most recent preceding taxable year for which such return should have been filed or that the tenant was not legally obligated to file such tax return pursuant to Section T46-151.0 (a)(1)(B) of the Administrative Code due to residency in a foreign country or pursuant to Section T46-151.0(a) of the Administrative Code and Section 601 of the Tax Law because the tenant’s income for such year was below that required for the filing of a return or pursuant to Section 893 or 894 of the Internal Revenue Code due to employment by a foreign government or international organization.”
FACTS
Respondent tenants, Jacob and Ruth Schechter, entered into possession of apartment 415, as cotenants, in the multiple building known as 42-65 Kissena Blvd., Flushing, in the Borough of Queens, under the terms of a written rental agreement on or about September 1, 1963. Respondents’ tenancy continued thereafter pursuant to a series of written rental agreements, the most recent commencing December 1, 1980, and expiring November 30, 1982. The said premises are rent stabilized. In 1974, Jacob Schechter purchased a condominium in North Miami, Florida. For the past several years, the said respondents have been utilizing the condo approximately on a 7 to 5 basis, to wit, five months in Florida during the cold season and seven months in the New York City apartment. Ruth Schechter accompanies her husband, who is 74 years old, to Florida to keep him company and to care for him since he is presently *763 diabetic and sickly. Jacob Schechter doesn’t vote in Florida but his driver’s license and auto plates are registered in the State of Florida and his most recent tax returns (1984 for 1983) were filed in Florida. In fact, for the past several years, the said Jacob Schechter did not file New York City income tax returns. Ruth Schechter has never voted in Florida but voted last in New York City in 1978. Her New York State driver’s license issued in her name was granted on October 29,1981 and expires on November 4,1984. She does not own any property outside the City of New York and she is a member of the New York Auto Club, AAA, and she is registered in regards to her major medical and dental coverage programs in New York City. Her will was drawn in New York City and under New York laws. Ruth Schechter has no nexus or social contacts in Florida and in fact all of these contacts are here in New York City. Although she filed a Florida income tax return prepared by her accountant in 1983 (for the year 1982) in the year 1983, she filed New York State, New York City estimated tax returns and in 1984 she filed New York City income tax returns for the year 1983 and paid $913 in taxes. During their absences from the City of New York, the Schechters did not sublet or assign the subject premises.
ANALYSIS
Section 54 (subd E, par [2]) of the Code of the Rent Stabilization Association of New York City, Inc., as amended effective June 16, 1983 created a new legal test that this court must apply at the threshold of every primary residence proceeding. Basically, this test imposes two requirements both of which a tenant must satisfy when confronted with a primary residence challenge of the owner. The tenant must show that he is a New York City “resident” as defined by the city tax law which means that the tenant was either domiciled at the apartment in question or spent an aggregate of 183 days or more in the preceding calendar year in the apartment and he must also show that he filed a New York City resident income tax return at the apartment in question for the most recent preceding taxable year for which such returns should have been filed unless the tenant was not legally obligated to file such a tax return. If the tenant cannot prove that he *764 has complied with this criteria, then this court must declare that the apartment is not the tenant’s primary residence and even if the tenant survives these criteria, this court, on certain other facts, may still find that the apartment is not his primary residence.
Let us examine the record. Jacob Schechter in the past several years has spent an aggregate of 183 days or more in the preceding calendar year in the apartment but he did not file a New York City residence income tax return for the most recent preceding taxable year for which such return should have been filed. Therefore, Jacob Schechter fails to comply with the threshold criteria, but Ruth Schechter does comply with the same because in the past several years she has lived in her New York apartment at least for seven months and filed a New York City resident income tax return in 1984 and estimated tax returns in 1983. Were this court to determine the matter of primary residence solely as to domiciliary intent or the “time spent” factor, it would conclude that their primary residence is the subject premises herein and no other. But, this court, under the amended code, is mandated to consider the filing or nonfiling of a resident income tax return as the threshold test. In this context, Jacob Schechter fails but Ruth Schechter prevails. Were this court to find for the landlord petitioner and enter a judgment of possession in its favor, would justice be rendered? Should and can this court treat Ruth Schechter as if she were merged in her husband’s dilemma and visit upon her the omission or commissions of her husband? This court thinks not. Ruth Schechter is a cotenant of the subject premises and is an individual with all the rights and liabilities of that status devolving to her and without any impediments because of her sex, gender or marital status and for that reason, she is entitled to possession as a matter of law, regardless of the fact that her husband failed the threshold test. Evicting Ruth Schechter, in the judgment of this court, would constitute a travesty of justice. And, even if this court could grant a limited judgment of eviction applicable to one individual (which it cannot do under the law) pursuant to the Omnibus Housing Act of 1983 (L 1983, ch 403) Ruth Schechter could bring back her husband as an additional occupant. (Real Property Law, § 235-f.)
*765 And insofar as Jacob Schechter is concerned in regard to his dual status, this court offers a caveat, to wit, “physician, heal thyself.”
“Then the king answered and said, Give her the living child, and in no wise slay it: she is the mother thereof”. (1 Kings, ch 3, verse 27.)
CONCLUSION
This court, for all of the reasons above stated, declares, finds and holds that the subject premises located in the Borough of Queens, City and State of New York, is the primary residence of the respondent tenants herein and, accordingly, judgment of possession for the said respondents tenants and the petition of the landlord is dismissed, with prejudice.