(June 5, 1986)

■ In the Matter of ROSE ASSOCIATES, Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered June 20, 1985, which granted petitioner's CPLR article 78 petition and annulled an order of the State Division of Housing and Community Renewal, issued November 13, 1984, which had denied petitioner's administrative appeal of an order of the District Rent Administrator denying petitioner's application for decontrol of the subject apartment, based upon a finding that the apartment was occupied by the tenant as her primary residence, unanimously reversed, on the law, the article 78 petition denied, the proceeding dismissed, and the determination of the State Division of Housing and Community Renewal reinstated, without costs.

Petitioner landlord instituted these proceedings to decontrol the subject rent-controlled apartment on January 8, 1982. Its application alleged that the subject premises were not the tenant's primary residence and that instead she resided with her husband at another Manhattan address. The tenant answered by alleging that the subject apartment has always been her primary residence since she first moved there in 1954. She also claimed that an identical proceeding instituted by the landlord on the same grounds in 1974 was denied by the City Rent Commissioner and that the circumstances have not changed since then.

In response to the Deputy Commissioner's request for documentation, the tenant submitted the following items listing the subject premises as her address—voter registration card, driver's license, bills from various utilities, credit cards, bank and dividend statements, and letters from two neighbors within the subject building stating that they often see her in the building and have known her as a resident neighbor for many years. The tenant submitted an affidavit that she would not supply a copy of her income tax return as she did not earn sufficient income but admitted that she filed a joint income

tax return with her husband, for his benefit, listing only the husband's address.

Based on this evidence, the District Rent Administrator issued an order finding the subject apartment to be the tenant's primary residence and denied the landlord's application for decontrol.

Upon the landlord's protest, the Deputy City Rent Commissioner requested that the tenant submit updated documentation of a similar nature, which she did. The Deputy Commissioner also held a hearing at which the tenant testified credibly that she and her husband maintained separate identities and life-styles since their marriage in 1971 and that she has used the subject apartment as her own primary residence, sleeping there at least five nights per week on the average, keeping her extensive wardrobe there, and maintaining a fully stocked kitchen.

At the hearing, petitioner landlord presented the testimony of two of its employees, the managing agent and the superintendent, who merely stated that they had not seen the tenant in the building during the past three years. Of course, this testimony is hardly dispositive on the issue of whether the tenant did in fact live there.

On this record, there is clearly substantial evidence to support the Rent Commissioner's finding that the subject apartment was the tenant's primary residence and the denial of the landlord's application.

The landlord instituted this article 78 petition seeking to overturn the ruling as arbitrary and capricious and in violation of the law, claiming that the Commissioner's determination did not comport with the requirements of New York City Rent and Eviction Regulations § 18* which, *inter alia,* requires proof that the tenant either filed a New York City resident income tax return at the claimed primary residence or that the tenant was not legally obligated to file such tax return.

Special Term granted the petition and annulled the determination, finding that the tenant did not offer satisfactory proof that she was not obligated to file city tax returns. The court held that the husband's filing of a joint Federal return contradicted the tenant's sworn statement that she was not legally obligated to file any tax returns.

---

* As then in effect. Primary residence cases are now commenced in a court of competent jurisdiction and governed by Administrative Code of the City of New York § Y51-3.0 (e) (2) (i) (10) (L 1983, ch 403, § 42).

Initially we must note that it is perfectly legitimate for a husband and wife to establish two separate residences. It is equally certain that one spouse may maintain a separate dwelling as his or her *primary* residence. *(E.g., Newport Apts. Co. v Schechter,* 124 Misc 2d 760, *affd* 127 Misc 2d 793 [App Term, 2d Dept]; *Coronet Props. Co. v Brychova,* 122 Misc 2d 212, *affd* 126 Misc 2d 946 [App Term, 1st Dept]; *cf. Matter of Gladwin v Power,* 21 AD2d 665, *affd* 14 NY2d 771.)

In the instant case, the tenant submitted competent proof that she used the subject address for every element of residency required by the regulation—driver's license, voting registration, and the like. She also established by her uncontradicted testimony and other proof that she actually lived in the premises. The final requirement of the regulation, that she file a New York City resident income tax return or prove that she was not obligated to do so, was met by the sworn statement that her income was below that required for the filing of a return.

The tenant, an actress, testified that she had only worked in one four-week-long engagement during the previous three years. Her only other income consisted of dividends on modest investments. Her husband paid all of her expenses. The tenant swore that she was not required to file city income tax returns and her accountant submitted an affidavit to that effect.

The accountant's affidavit also established that it was beneficial to the husband to file a joint Federal tax return and that for the purposes of the joint return only one address, the husband's, was listed.

This is a credible reason for the filing of the joint return and in no way detracts from the proof that the subject premises were the tenant's primary residence. *(See, Coronet Props. Co. v Brychova, supra.)*

Accordingly, the determination of the Commissioner was not arbitrary or capricious or in violation of law, and it should be reinstated. Concur—Murphy, P. J., Sandler, Fein, Kassal and Ellerin, JJ.