OPINION OF THE COURT
Per Curiam.
Order entered August 16, 1985 reversed, with $10 costs, and tenant’s motion to dismiss the petition is denied.
The tenant herein is presently incarcerated, and the landlord seeks to evict him on the ground that there has been a subletting and/or assignment to another without consent. *598 Civil Court granted tenant’s preanswer dismissal motion, concluding that the person currently in possession of the apartment premises, one Martin McDonough, is a permitted additional occupant under Real Property Law § 235-f (the roommate law). We disagree. It is undisputed on this record that tenant has not resided in the apartment since at least September 1983, nor is it shown that tenant will be in a position to resume occupancy of the premises in the foreseeable future. Thus, even accepting tenant’s assertion that he and McDonough lived together in the apartment at one time, their present arrangement, however interpreted, is not one covered by Real Property Law § 235-f, which "was enacted to extend protection to unrelated persons sharing a dwelling [and] contemplates that the occupant reside in the apartment together with the tenant” (305 E. 72nd St. Assocs. v Menocal, NYLJ, Dec. 29, 1986, at 5, col 1 [App Term, 1st Dept]; emphasis in original). Since the sole predicate for the order of dismissal was Real Property Law § 235-f, and we find that statute inapplicable to the facts herein, we reverse and reinstate the petition.