OPINION OF THE COURT
Paul L. Albert, J.
In this holdover summary proceeding, petitioner seeks to recover possession of apartment 5C in the building known as 758 Kelly Street in the Bronx (the premises) on the grounds that the current occupant, respondent Emilio Soltero, has no continued right to possession upon the death of the tenant of record, Carmen Medina, in May 2009.
Petitioner’s notice to vacate further asserts that respondent has no claim of succession to the rent-controlled premises since he was incarcerated from 2005 until early 2009.
Respondent moves for summary judgment, claiming that he has a right to succession because he is the grandson of the deceased tenant of record and has primarily resided at the premises for more than 27 years, and, while he admittedly was incarcerated from January 2005 until January 2009, as a matter of law, the period of incarceration does not affect his right to succession.
Discussion
A tenant does not forfeit his primary residence status with respect to a rent-regulated premises due to a temporary absence therefrom. (See 530 Second Ave Co. v Gold, NYLJ, June 28, 1985, at 12, col 1 [App Term, 1st Dept]; Coronet Props. Co. v Brychova, 122 Misc 2d 212, 213-214 [Civ Ct, NY County 1983], *986 affd 126 Misc 2d 946 [App Term, 1st Dept 1984 per curiam].) This is true where the tenant’s temporary absence is attributable to a definite term of incarceration in prison. (1665-75 Bryant Ave. Redevelopment Assocs., LP v Montgomery, NYLJ, Feb. 24, 1998, at 25, col 3 [App Term, 1st Dept]; Chris-Mac Co. v Johnpoll, 130 Misc 2d 478 [Civ Ct, NY County 1985], revd on other grounds 134 Misc 2d 597 [App Term, 1st Dept 1987]; NS A N. Flatbush Assoc. v Mackie, 166 Misc 2d 446, 454 [Civ Ct, Kings County 1995]; Capsa Realty Corp. v Bracero, NYLJ, Dec. 2, 1998, at 31, col 6 [Civ Ct, Queens County]; 216-220 E. 67th St. Assoc. v Quinn, 136 Misc 2d 188 [Civ Ct, NY County 1987].)
As stated by the Court of Appeals, “a patient or inmate of an institution does not gain or lose a residence or domicile, but retains the domicile he had when he entered the institution.” (Matter of Corr v Westchester County Dept. of Social Servs., 33 NY2d 111, 115 [1973]; see NY Const, art II, § 4 [“(N)o person shall be deemed to have gained or lost a residence, by reason of his presence or absence . . . while confined (to) any public prison”].)
Thus, respondent’s period of incarceration from January 2005 until January 2009 does not affect any right he may have to succession at the premises.
Having found that incarceration does not serve to bar the respondent from seeking succession to the rent-regulated apartment, the court must next address the issue of whether the respondent has met the burden of establishing that he is a “family member” of the tenant of record as defined under the statute who primarily resided at the premises for at least two years prior to the tenant of record’s death. (9 NYCRR 2204.6.) Here, since respondent was incarcerated during a portion of the two years immediately preceding the tenant of record’s death in May 2009, respondent must establish that he resided at the premises prior to serving his prison sentence in January 2005 and after his release in January 2009.
The unchallenged affidavit submitted in support of the motion by the respondent confirms that he is the grandson of the deceased tenant of record and has primarily resided at the premises for more than 27 years, from the time he was approximately four years old. To support his succession claim, respondent has not only submitted an affidavit attesting to his continued residency at the premises, but has annexed copies of what are alleged to be birth certificates for himself and his mother, as well as copies of certain documents listing the *987 premises as his address — none of which are copies of certified records.
While the documents submitted in support of the motion are not in admissible form, the petitioner has failed to offer any affidavit from a party with knowledge which rebuts any of the claims made in the respondent’s supporting affidavit (S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338 [1974]). There is nothing contained in the opposition papers which rebuts the respondent’s sworn claim that he is the grandson of the deceased tenant or that, other than his incarceration, he has lived at the premises since he was approximately four years old. Nor does the petitioner argue that it cannot oppose the motion without first conducting discovery to ascertain facts that are exclusively within the control of the respondent. No cross motion has been submitted by the petitioner for leave to conduct discovery.
Rather, the petitioner’s argument in opposition to the motion is predicated on the misplaced belief that the respondent’s incarceration serves to divest the respondent of any succession rights he may have under the applicable rent regulatory regulation. The petitioner urges the court to adopt a rule which would effectively prohibit any individual who becomes incarcerated for an indefinite term in prison from seeking succession to a rent-regulated apartment. Such a rule could only be promulgated through the Legislature by amendment of the rent regulatory laws. In New York, at least for apartments which are subject to rent control and rent stabilization, the prevailing law holds that imprisonment does not break the nexus an individual has with the subject premises as it relates to succession rights. The court notes that New York City Housing Authority regulations preclude an individual’s right to succeed to a tenancy where the individual is found to have a criminal record (see 24 CFR 960.203 [c] [3]).
Thus, the issue before the court is ripe for summary determination. There is no question of fact left to be resolved by the court (see e.g 105-115 Bennett Realty Co., LLC v Piney, 17 Misc 3d 128[A], 2007 NY Slip Op 51904[U] [App Term, 1st Dept 2007]). It is well settled law that once a moving party has made a prima facie showing of its entitlement to summary judgment the burden shifts to the opposing party to produce evidentiary proof in admissible form that an issue of fact exists which necessitates a trial (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). *988 Because the petitioner has failed to demonstrate that there are any factual issues which necessitate a trial, the respondent’s motion for summary judgment must be and is granted.
Conclusion
Accordingly, the respondent’s motion for summary judgment dismissing the petition and on his first affirmative defense which seeks an order awarding the respondent succession rights to the demised premises is granted. The petition is dismissed and the petitioner is directed to provide a lease to the respondent within 30 days after service of this order with notice of entry.