The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: June 26, 2025

**NO. S-1-SC-40017**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**GERALD CHAVEZ,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Cindy Leos, District Judge**

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Raúl Torrez, Attorney General
Meryl E. Francolini, Assistant Solicitor General
Santa Fe, NM

for Respondent

**VIGIL, Justice.**

**I.     INTRODUCTION**

{1}     The Rules of Criminal Procedure authorize our district courts, magistrate courts, and metropolitan courts to issue warrants permitting the search and seizure of criminal evidence. Rule 5-211(A) NMRA (district courts); Rule 6-208(A) NMRA (magistrate courts); Rule 7-208(A) NMRA (metropolitan courts). Here, we address a question arising from this concurrent grant of authority: May a magistrate or metropolitan court issue a search warrant after a criminal prosecution has formally commenced in the district court? We answer: Yes, an inferior court may issue a search warrant after the initiation of criminal proceedings in the district court, but the district court has the authority to quash the warrant pursuant to its inherent power to ensure the orderly and efficient administration of the case.

{2}     In the current matter, the Bernalillo County Metropolitan Court (metro court) issued two substantively identical search warrants in the same case after Defendant Gerald Chavez had been indicted in the Second Judicial District Court, Bernalillo County. Defendant argued that the warrants were invalid because the metro court does not share concurrent jurisdiction once the proceeding is initiated in district court. Defendant also argued that the affidavits supporting the warrants were

deceptive because they failed to disclose the pending criminal proceedings to the metro court. The district court agreed, quashed the warrants, and suppressed the evidence without prejudice to the State in seeking the same evidence through a motion. The Court of Appeals reversed the district court's order, concluding that an inferior court has the authority to issue a post-indictment search warrant and that the omissions in the affidavits did not invalidate the warrants. *State v. Chavez*, 2023-NMCA-071, ¶¶ 1, 48, 535 P.3d 736, *cert. granted* (S-1-SC-40017, Sept. 14, 2023).

{3}    We conclude that the metro court had the authority to issue the search warrants after Defendant had been indicted. The commencement of formal criminal proceedings against a defendant does not divest our inferior courts of their authority to issue a search warrant under Rule 6-208 or Rule 7-208. Nevertheless, we also conclude that under the circumstances the two warrants were properly quashed by the district court using its inherent power to control its docket and the proceedings before it. *See State v. Candelaria*, 2008-NMCA-120, ¶ 14, 144 N.M. 797, 192 P.3d 792 (explaining that "[i]nherent judicial power" includes "the ability of a court to control its docket and the proceedings before it" including "the power to supervise and control the movement of all cases" (internal quotation marks and citations omitted)). We, therefore, reverse the Court of Appeals, affirm the district court, and remand this matter to the district court. We additionally ask our rules committees to

consider revisions to Rule 5-211, Rule 6-208, and Rule 7-208, and the search warrant affidavit Form 9-213 NMRA in light of our opinion.

## II.   BACKGROUND

{4}     Defendant was indicted in the district court on February 25, 2020, on several felony and misdemeanor charges related to a civilian car chase involving gunfire. A grand jury issued the indictment based on the testimony of the primary investigating police officer, Officer A. Zambrano (Officer Zambrano). Shortly after the proceedings commenced, Assistant District Attorney C. Wilson (ADA Wilson) entered an appearance on behalf of the State. The district court subsequently entered a scheduling order setting deadlines for discovery disclosures and trial.

### A.   The First Warrant and Affidavit

{5}     On March 25, 2020, Officer Zambrano obtained a search warrant from a metro court judge to obtain an oral swab and fingerprints from Defendant. The affidavit supporting this warrant does not disclose that Defendant had been indicted on the charges one month earlier in district court. The affidavit also identifies Defendant as "SUSPECT." The affidavit further certifies that it was "approved by" ADA Wilson.

{6}     After learning of the warrant, Defendant filed a motion asking the district court to quash the warrant. Defendant argued that the metro court could not issue the search warrant because it did not share concurrent jurisdiction with the district court

once he had been indicted. Defendant also asserted that, by failing to inform the metro court of the district court's proceedings, the State had omitted facts material to the determination of probable cause and abridged its duty of candor to the tribunal.

{7}     The State, through ADA Wilson, responded that the motion to quash was moot, as the warrant had not been executed within ten days and thus had lapsed. *See* Rule 7-208(C) (providing that "[a] search warrant shall be executed within ten (10) days after the date of issuance"). The State also argued that no rule or precedent prohibited the practice of obtaining a post-indictment search warrant and that Rule 5-211 was silent as to "the inclusion of any information regarding an active case." The State further argued that the pendency of criminal proceedings is immaterial to the determination of probable cause and suggested that the prosecutor's duty of candor was inapposite because Officer Zambrano met with the metro court judge "without the involvement of counsel for the State."

{8}     The district court scheduled a hearing on Defendant's motion to quash for April 16, 2020.

**B.     The Second Warrant and Affidavit**

{9}     On April 9, 2020, Officer Zambrano submitted a second affidavit for the same evidence to a different judge at the metro court. This second affidavit similarly omits the fact that Defendant had been indicted in the district court and fails to disclose

that the first warrant for the same evidence had issued, had lapsed, and was currently the subject of a pending motion to quash. ADA Wilson similarly "approved" Officer Zambrano's second affidavit.

{10} The metro court issued the second warrant that same day, April 9, 2020. The second warrant was executed and the desired evidence obtained on April 15, 2020, the day before the district court's hearing on Defendant's motion to quash the first warrant. Following the hearing, the motion to quash was taken "under advisement" by the district court.

{11} Defendant filed an addendum to his motion on April 24, 2020, asking the district court to quash the second warrant. Defendant repeated his jurisdictional arguments and suggested that the affidavit supporting the second warrant "was lacking all information required for an informed decision to be made." The State responded that it was permitted to obtain this evidence through a search warrant and claimed that the process of obtaining a search warrant "does not involve counsel except for the review of the underlying warrant for probable cause."

**C.** **The District Court's Decision**

{12} The district court granted Defendant's motion, quashed the two warrants, and suppressed the evidence. The district court concluded that the metro court lacked jurisdiction to issue a search warrant after Defendant had been indicted. The district

court additionally decided that the State's actions of obtaining this evidence through a search warrant violated Defendant's due process rights. The district court explained that the "common practice" after an indictment was for the State to file a motion for this evidence, a process that would have granted Defendant a right to a hearing before the State collected an oral swab and fingerprints. The district court further explained that the State's collection of an oral swab and fingerprints via a search warrant instead of by a motion for body standards conflicted with the district court's scheduling order and would delay the State's deadline for disclosing the evidence by approximately nine months.

{13}     The district court further found that the affidavits submitted to the metro court were "deceptive" because the affidavits characterized Defendant as a "suspect" and "left out material facts" regarding the pendency of the formal criminal proceedings. In response to the State's motion for reconsideration, the district court clarified that it was not finding that the State had omitted a fact material to the determination of probable cause but that "[i]n this matter, clearly the issue is *not* materiality of the issues to the finding of probable cause. The issue in this matter is whether the State should be permitted to submit an affidavit for a warrant when the affidavit is deceptive and violates Defendant's due process rights." The district court further clarified that it was quashing the warrants and suppressing the evidence without

prejudice to the State in obtaining the same evidence in the future by filing a motion with the district court. The State declined the district court's invitation to file a motion to obtain the evidence, and appealed.

**D.      The Proceedings on Appeal**

{14}      The State appealed the district court's order pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972) and Rule 12-201(A)(1)(a) NMRA. The Court of Appeals reversed the district court. *Chavez*, 2023-NMCA-071, ¶¶ 1, 48. First, the Court of Appeals held that the metro court neither lost jurisdiction nor was precluded from issuing a search warrant after Defendant was indicted. *Id.* ¶¶ 21-25. Next, the Court of Appeals disagreed that the search warrant violated Defendant's due process rights, explaining that the process of obtaining a search warrant is governed by the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution, both of which permit a warrant to be issued *ex parte* on a showing of probable cause. *Id.* ¶¶ 35-37. Finally, the Court of Appeals decided that the omissions in Officer Zambrano's second affidavit did not rise to the level of a "deliberate falsehood or reckless disregard for the truth," *id.* ¶ 43, as to a fact material to the determination of probable cause, so as to violate Defendant's constitutional rights. *Id.* ¶¶ 42-46. The Court of Appeals thus held the district court erred. *Id.* ¶ 47. The Court of Appeals did not reach the additional finding of the district court

regarding the conflict with the district court's scheduling order, saying that Defendant's arguments about this finding were unclear. *Id.* ¶ 9 n.1.

{15} Defendant petitioned this Court for a writ of certiorari. *See* Rule 12-502 NMRA. We granted Defendant's petition and now reverse the Court of Appeals. We agree with the Court of Appeals' analysis with respect to the jurisdictional and constitutional questions involved. However, we reverse the Court of Appeals' result based on the additional findings of the district court and the right for any reason doctrine. We clarify that a district court has the power to quash a warrant issued by an inferior court when the warrant interferes with the district court's inherent control over the pending criminal proceedings. We additionally conclude that the district court did not abuse its discretion in quashing the warrants under the circumstances presented. We, therefore, affirm the district court in quashing the warrants and suppressing the evidence, without prejudice to the State, in seeking Defendant's oral swab and fingerprints through a motion in the district court.

**III.    DISCUSSION**

**A.    An Inferior Court May Issue a Post-Indictment Search Warrant**

{16} Defendant questions the authority of the metro court to issue a search warrant after he had been indicted in the district court. The parties agree that this question requires us to interpret our Rules of Criminal Procedure and statutory and

constitutional provisions addressing the authority of our district and inferior courts. We review this question de novo. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806 ("The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo."); *State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415 ("We review issues of statutory and constitutional interpretation de novo." (internal quotation marks and citation omitted)).

{17}     "When construing our procedural rules, we use the same rules of construction applicable to interpretation of statues. We first look to the language of the rule. If the rule is unambiguous, we give effect to its language and refrain from further interpretation. We also seek guidance from the rule's language, history, and background." *Allen*, 2012-NMSC-001, ¶ 11 (internal quotation marks and citations omitted).

{18}     Rule 7-208 authorizes a metropolitan court to issue a search warrant on a showing of probable cause. This rule provides, in relevant part,

> A warrant may be issued by the court to search for and seize any (1) property which has been obtained or is possessed in a manner which constitutes a criminal offense; (2) property designed or intended for use or which is or has been used as the means of committing a criminal offense; (3) property which would be material evidence in a criminal prosecution; or (4) person for whose arrest there is probable cause, or who is unlawfully restrained. A warrant shall issue only on a sworn written statement of the facts showing probable cause for issuing the warrant.

Rule 7-208(A); *see also* Rule 6-208(A) (addressing issuance of a search warrant by a magistrate court). This language is nearly identical to that provided in Rule 5-211(A), addressing the authority of a district court to issue a search warrant. Nothing in these rules suggest that an inferior court's authority to issue a search warrant lapses once a defendant is indicted in the district court.

{19} Although Defendant concedes that the rules are silent with respect to an inferior court's authority to issue a post-indictment search warrant, he nevertheless argues that the rules must be interpreted harmoniously with the district court's power of supervisory control over the inferior courts. Defendant suggests that the organization of our judicial system reveals that the metro court lost jurisdiction to issue a search warrant based on the commencement of the district court's proceedings, and thus, the evidence collected through the second warrant was properly suppressed. *Cf. State v. Railey*, 1975-NMCA-019, ¶ 10, 87 N.M. 275, 532 P.2d 204 (concluding that evidence obtained pursuant to a warrant issued by a tribal court without authority to issue the warrant should be suppressed).

{20} Our district courts are courts of general jurisdiction with "original jurisdiction in all matters and causes not excepted . . . and appellate jurisdiction of cases originating in inferior courts and tribunals in their respective districts as provided by law, and supervisory control over the same." N.M. Const. art. VI, § 13. The district

courts possess exclusive jurisdiction over the trial of felony cases. *State v. Wyrostek*, 1994-NMSC-042, ¶ 8, 117 N.M. 514, 873 P.2d 260; *see also State v. McKinley*, 1949-NMSC-010, ¶ 15, 53 N.M. 106, 202 P.2d 964 ("The constitution vests sole and exclusive jurisdiction for the trial of all felony cases in the district courts and the legislature is powerless to deprive them of such jurisdiction."). On the other hand, our metropolitan and magistrate courts are courts of limited jurisdiction, N.M. Const. art. VI, § 26, and their authority must be affirmatively granted by the Constitution or by statute. *State v. Ramirez*, 1981-NMSC-125, ¶ 4, 97 N.M. 125, 637 P.2d 556; *see also* NMSA 1978, § 35-3-4 (1985) (addressing jurisdiction of the magistrate courts in criminal cases); NMSA 1978, § 34-8A-3 (2001) (addressing the jurisdiction of the metropolitan courts, which includes the jurisdiction as provided by law for magistrate courts). Further, any criminal proceedings pending in an inferior court should be abandoned once a parallel criminal prosecution commences in a district court. *State v. Muise*, 1985-NMCA-090, ¶¶ 18-19, 103 N.M. 382, 707 P.2d 1192; *see also State v. Tanton*, 1975-NMSC-057, ¶ 18, 88 N.M. 333, 540 P.2d 813 ("[P]roceedings pending in an inferior court ought to be abated when charges are instituted in district court in relation to the same episode."); *accord State v. Valdez*, 1990-NMCA-018, ¶¶ 5-6, 109 N.M. 759, 790 P.2d 1040.

{21} Defendant suggests that the organization of our judicial system similarly deprives an inferior court of jurisdiction to issue a search warrant after a defendant is indicted in the district court. We disagree. In *United States v. Sadlowski*, 948 F.3d 1200, 1203 (10th Cir. 2020), the Court, reviewing the same metropolitan court rule at issue here, emphasized that "a court's authority to hear a case and a court's authority to issue a search warrant are two separate concepts." While not binding, we find the *Sadlowski* Court's reasoning persuasive, as nothing in the rules divests the inferior courts of their authority to issue a search warrant after the commencement of formal criminal proceedings in the district court. Our Rules of Criminal Procedure—Rule 5-211, Rule 6-208, and Rule 7-208—grant concurrent authority to the district, metropolitan, and magistrate courts to issue these search warrants. Absent any clear limitation in the rules to issue search warrants after the commencement of proceedings in the district court, we will not read such a limitation into Rule 6-208 or Rule 7-208. *State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125 ("We will not read into a statute any words that are not there, particularly when the statute is complete and makes sense as written." (citation omitted)).

{22} Nor do we see any pragmatic reason to limit our inferior courts' authority to issue warrants after the initiation of formal criminal proceedings in the district court.

*Muise*, 1985-NMCA-090, ¶¶ 18-19 (concluding that inferior court proceedings should be deemed abandoned after the commencement of district court proceedings in furtherance of the policy against piecemeal litigation). The Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution permit a search warrant to be issued on a showing of probable cause. *See State v. Evans*, 2009-NMSC-027, ¶ 11, 146 N.M. 319, 210 P.3d 216 ("[B]efore a valid search warrant may issue, the affidavit must show: (1) that the items sought to be seized are evidence of a crime; and (2) that the criminal evidence sought is located at the place to be searched." (internal quotation marks and citation omitted)). Search warrants are typically issued *ex parte* based on an affidavit "normally drafted by nonlawyers in the midst and haste of a criminal investigation." *State v. Williamson*, 2009-NMSC-039, ¶ 16, 146 N.M. 488, 212 P.3d 376 (internal quotation marks and citation omitted); *cf. Gerstein v. Pugh*, 420 U.S. 103, 120 (1975) (explaining that the determination of probable cause to arrest is not a critical stage in the proceedings as probable cause "can be determined reliably without an adversary hearing"). A criminal investigation may continue after a defendant has been formally charged with a crime. *See, e.g.*, *United States v. Anderson*, 739 F.2d 1254, 1255 (7th Cir. 1984) (affirming a search warrant to obtain hair samples issued after indictment and before trial). Permitting investigators to apply to any court with

authority to issue a warrant, regardless of the initiation of any related criminal prosecution, encourages our strong preference that searches be conducted pursuant to a search warrant and promotes the timely collection of evidence. *Cf. State v. Crane*, 2014-NMSC-026, ¶ 16, 329 P.3d 689 (explaining New Mexico's "strong preference for warrants" (internal quotation marks and citation omitted)); *State v. Lovato*, 1994-NMCA-042, ¶¶ 10-11, 118 N.M. 155, 879 P.2d 787 (discussing concerns of timeliness in the information supporting probable cause to search).

{23}     Moreover, a defendant who has been criminally charged in the district court and is aggrieved by a search warrant issued by an inferior court has an adequate remedy. The defendant may file a motion in the district court to quash the warrant pursuant to Rule 5-601(C) NMRA, or a motion to suppress the evidence pursuant to Rule 5-212 NMRA. If needed, the district court may hold an evidentiary hearing on the motion. Rule 5-212(D). We do not view this process as interfering with or limiting a defendant's constitutional due process' rights. "The Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases." *Gerstein*, 420 U.S. at 125 n.27 (citation omitted).

{24} Thus, we hold that, as currently drafted, the Rules of Criminal Procedure grant metropolitan and magistrate courts authority to issue search warrants, even after formal criminal prosecution has commenced in the district court. Accordingly, the metro court had the authority to issue the two search warrants for Defendant's oral swab and fingerprints.

**B.** **The District Court Did Not Abuse Its Discretion in Quashing the Warrants**

{25} In addition to the jurisdictional and constitutional concerns raised by the district court, the district court found that the two warrants issued against Defendant should be quashed because the warrants conflicted with the district court's scheduling order, and the affidavits supporting the warrants were deceptive. Although the parties do not address these additional findings on certiorari, we nevertheless affirm that these findings support the district court's decision to quash the warrants issued by the metro court. We additionally conclude that the State's conduct in seeking the second warrant while a motion to quash was pending on the first warrant provides additional reasons on which we will affirm the district court. We explain our reasoning to provide guidance to the parties and courts with respect to a court's authority to quash a search warrant issued by an inferior court after the commencement of a formal criminal prosecution in the district court. *See* Rule 12-321(B)(2)(a) NMRA (providing that an appellate court may consider an issue within

the general public interest even if it falls outside the scope of issues preserved for review).

**1.    A district court may quash a warrant issued by an inferior court to promote the orderly and efficient administration of justice**

{26}    Even though an inferior court may issue a search warrant after formal criminal proceedings are initiated in the district court, we additionally hold that a district court may quash that warrant pursuant to its inherent power to ensure the orderly and efficient administration of those proceedings. The district court retains broad power to control the cases on its docket. *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 896 P.2d 1148 ("It has long been recognized that a court must be able to command the obedience of litigants and their attorneys if it is to perform its judicial functions. Such powers inhere in judicial authority and exist independent of statute."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing a court's power to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates" and "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (internal quotation marks and citations omitted)). "The authority of the court to control its docket encompasses the power to supervise and control the movement of all cases on its docket from the time of filing through final disposition, and to apply sanctions when reasonable efforts to manage the court's caseload have failed."

*Candelaria*, 2008-NMCA-120, ¶ 14 (internal quotation marks and citation omitted). This power is "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Beverly v. Conquistadores, Inc.*, 1975-NMCA-070, ¶ 6, 88 N.M. 119, 537 P.2d 1015 (internal quotation marks omitted) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). This inherent power "extends to conduct occurring before the court or in direct defiance of the court's authority." *Baca*, 1995-NMSC-033, ¶ 17.

{27}     While the rules do not prohibit obtaining a post-indictment warrant from an inferior court, there may be circumstances where obtaining such a warrant interferes with a district court's control over the criminal proceedings against a defendant. In these circumstances, the district court may exercise its inherent power to fashion an appropriate remedy, and "[a] trial judge acts well within [its] duties . . . to apply sanctions when reasonable efforts to manage the court's caseload have failed." *State v. Ericksen*, 1980-NMCA-029, ¶¶ 9-10, 94 N.M. 128, 607 P.2d 666 (upholding a trial court's authority to order dismissal with prejudice based on the district attorney's attempted forum shopping); *Candelaria*, 2008-NMCA-120, ¶ 22 (affirming the metro court's dismissal of the prosecution as a sanction for unnecessary delay by the state). We will review the district court's decision under

these circumstances using an abuse of discretion standard. *Candelaria*, 2008-NMCA-120, ¶ 15. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135 (internal quotation marks and citation omitted).

**2.      The district court did not abuse its discretion in quashing the warrants**

{28}    We further conclude that the district court did not abuse its discretion in quashing the two warrants issued for Defendant's oral swab and fingerprints and suppressing the evidence without prejudice to the State in obtaining the same evidence in the future. The record supports the district court's decision because (1) the warrants conflicted with the district court's scheduling order, (2) the omissions in the affidavits misled the metro court judges, and (3) the State's conduct in seeking the second warrant defied the district court's authority over the proceedings against Defendant. We, therefore, affirm the district court in quashing the warrants without prejudice to the State in obtaining the same evidence through a motion.

{29}    First, we conclude that the two search warrants were properly quashed because they conflicted with the district court's scheduling order. The district court found that the State's conduct in seeking Defendant's oral swab and fingerprints by

warrant instead of by motion potentially delayed the disclosure deadline for the evidence by nine months. The district court thus concluded that the warrants interfered with the efficient progress of its proceedings. "Where discovery violations inject needless delay into the proceedings, courts may impose meaningful sanctions to effectuate their inherent power and promote efficient judicial administration." *State v. Le Mier*, 2017-NMSC-017, ¶ 19, 394 P.3d 959. In view of the possible delay in the disclosure of this evidence, the district court did not abuse its discretion by quashing the warrants and directing the State to seek the same evidence through a procedure conforming to the district court's deadlines.

{30}     Second, we determine that the district court properly quashed the warrants because the affidavits supporting the warrants misled the metro court. The district court found that the affidavits supporting the two search warrants were "deceptive" because the State failed to disclose the formal criminal proceedings against Defendant. The district court recognized, and we agree, that these omissions are not relevant to a finding of probable cause and thus do not provide a basis for invalidating the warrant under the Fourth Amendment to the United States Constitution or Article II, Section 10 of the New Mexico Constitution. *See State v. Garnenez*, 2015-NMCA-022, ¶ 14, 344 P.3d 1054 (explaining that evidence from a search warrant may be suppressed if the search warrant affidavit deliberately or

recklessly includes false information or omits material information necessary to the finding of probable cause). The district court nevertheless quashed the warrants because of the "material" omissions in the affidavits. In view of Defendant's arguments below regarding the State's lack of candor in seeking the warrants, we discern that the district court quashed the warrants because they violated the prosecutor's duty of candor to the metro court. *See* Rule 16-303(A), (D) NMRA (imposing on a lawyer a duty of candor to the tribunal, which duty is heightened in *ex parte* proceedings); *see also In re Dixon*, 2019-NMSC-006, ¶ 20, 435 P.3d 80 ("[T]he duty of candor applies to every facet of a lawyer's professional responsibilities.").

{31} The record supports the district court's finding that the omissions misled the metro court, although we slightly depart from the district court's reasoning in this regard. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264 (providing that an appellate court may affirm a district court on reasons not considered by the district court when it is not unfair to the appellant and the reasons are supported by substantial evidence); *accord State v. Marquez*, 2023-NMSC-029, ¶ 32, 539 P.3d 303 (emphasizing that it is improper for the appellate court to engage in fact-finding when applying the right for any reason doctrine). From the record, we observe that the State submitted two substantively identical affidavits to two different metro court

judges after the initiation of criminal proceedings against Defendant in the district court. The State submitted the second affidavit without disclosing that the first warrant had lapsed and was subject to a pending motion to quash. We additionally notice that both affidavits were approved by ADA Wilson. Given these circumstances, we agree that the metro court judge considering the second affidavit should have been informed of the proceedings in the district court and, in particular, should have been informed of the fact that the first warrant was then subject to a motion to quash. *See* Rule 16-303(D) (requiring in *ex parte* proceedings that a lawyer disclose "all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."); *In re Barnes*, 574 P.2d 657, 658-59 (Or. 1978) (en banc) (per curiam) (reprimanding a deputy district attorney for obtaining an *ex parte* search warrant to obtain a blood sample without informing the issuing court that a hearing addressing this evidence was pending in another court); *contra United States v. Savides*, 658 F.Supp. 1399, 1405 (N.D.Ill. 1987) (upholding a search warrant presented to two magistrates when both magistrates were informed that the affidavit had been presented to multiple magistrates), *aff'd sub nom United States v. Pace*, 898 F.2d 1218, 1230-31 (7th Cir. 1990). We, therefore, decide under the right for any reason doctrine that the State's lack of candor supports the district court's decision to quash.

{32}     This Court is additionally troubled by the timing of the second warrant and affidavit, which we conclude displays an attempt to defy the authority of the district court. From the record, we observe that the State executed the second warrant the day before the district court's hearing on Defendant's motion. We also note that ADA Wilson had previously represented that the motion to quash the first warrant was moot, thus suggesting that the State would not continue to seek this evidence via a warrant issued by the metro court. The State's conduct thus suggests an attempt to subvert the district court's authority to rule on the motion to quash. *Cf. Baca*, 1995-NMSC-033, ¶ 17 (explaining that a court's inherent power extends to proceedings before a court and actions taken in defiance of a court). Indeed, we view the State's conduct in relation to the second warrant as judge shopping, which violates the spirit, if not the letter, of our rules. *Cf. People v. Cocliova*, 503 N.Y.S.2d 258, 261-62 (Rochester City Ct. 1986) (suppressing evidence obtained from a search warrant presented to multiple magistrates, noting that even if the rules "or case law is silent on this issue, 'judge shopping' of this kind cannot be permitted"). Although no rule prohibited the State from seeking the second warrant from the metro court after Defendant was indicted, when the State "deliberately engage[s] in game-playing with the rules" and "misuse[s its] discretionary powers to achieve a barred result," a court may apply sanctions tailored to deter the offending conduct.

*Ericksen*, 1980-NMCA-029, ¶ 9. The State's gamesmanship in relation to the issuance and execution of the second warrant provides additional grounds on which we will affirm the district court.

{33}    Finally, we see no abuse of discretion in the sanction imposed by the district court, specifically that the two warrants should be quashed and the evidence suppressed without prejudice to the State in seeking the same evidence through a motion before the district court. We agree that quashing the warrants and proceeding as if they never existed is an appropriately tailored and meaningful sanction in view of the circumstances. *Cf.* Rule 1-011(A) NMRA (providing that, in district court, a pleading or paper signed by an attorney that lacks "good ground to support it" or is "not interposed for delay" may be "stricken as sham and false and the action may proceed as though the pleading or other paper had not been served"); Rule 2-301 NMRA (stating the same, but in magistrate court); Rule 3-301 NMRA (stating the same, but in metropolitan court); *State v. Jones*, 566 P.2d 867, 869-70 (Or. 1977) (en banc) (affirming the suppression, without prejudice, of evidence obtained from a search warrant acquired through a prosecutor's lack of candor with the court).

**C.    We Ask Our Rules Committees to Consider Revisions to Rule 5-211, Rule 6-208, Rule 7-208, and Form 9-213**

{34}    We additionally exercise our power of superintending control to ask our committees for the Rules of Criminal Procedure for the district, metropolitan, and

magistrate courts to propose revisions to Rule 5-211, Rule 6-208, Rule 7-208, and the search warrant affidavit Form 9-213 in light of this opinion. *See* N.M. Const. art. VI, § 3 (granting this Court the power of "superintending control over all inferior courts"); *Johnson & Johnson v. Wilson*, 2025-NMSC-003, ¶ 9, 563 P.3d 841 ("The power of superintending control is the power to control the course of ordinary litigation—and hence the authority to regulate pleading, practice, and procedure— in lower courts." (internal quotation marks and citation omitted)). The goal of these revisions should be to encourage full disclosure of prior court actions when obtaining a search warrant from an inferior court after the commencement of a formal criminal prosecution in the district court. We specifically request that these committees consider whether the rules and associated form should be amended to permit or require the State to disclose the existence of related criminal proceedings in an affidavit for a search warrant and to file an associated notice in the district court. *Cf.* Rule 12-208(D)(7) NMRA (requiring a docketing statement to contain "a reference to all related or prior appeals of which the party is aware, including an appropriate citation, if any").

**IV.     CONCLUSION**

{35}     We hold that a metropolitan court or magistrate court may issue a warrant after a formal criminal prosecution has commenced in the district court; however, a

district court may quash a warrant issued by an inferior court under its inherent power to ensure the orderly and efficient administration of justice. Therefore, we affirm the district court in quashing the two post-indictment search warrants issued in this case. We reverse the Court of Appeals and remand this matter to the district court for further proceedings in conformance with this opinion. We additionally ask our rules committees to propose revisions to Rule 5-211, Rule 6-208, Rule 7-208, and Form 9-213 of the Rules of Criminal Procedure in light of this opinion.

{36}     **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**


_____

**DAVID K. THOMSON, Chief Justice**


_____

**C. SHANNON BACON, Justice**


_____

**JULIE J. VARGAS, Justice**


_____

**BRIANA H. ZAMORA, Justice**